## GRAHAM, INDIVIDUALLY AND AS FORMER COLLECTOR OF INTERNAL REVENUE, ET AL. *v.* DU PONT.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 846. Argued April 30, 1923.—Decided May 21, 1923.

1. Under § 3224, Rev. Stats., federal taxing officers who, in the course of general jurisdiction over the subject-matter, have made an assessment and claim that it is valid, cannot be enjoined from collecting the tax upon the ground that the assessment is illegal. P. 254.
2. One who would contest the validity of a federal tax upon the ground that the assessment and the right to distrain were barred by a statutory time limitation, should pay the tax and sue to recover it, and not seek relief by a suit to enjoin the Collector from distraining for the tax. P. 255.
3. Under § 252 of the Revenue Act of 1918, reënacted in the Revenue Act of 1921, a taxpayer whose return of income was due March 15, 1916, and against whom an additional assessment was made December 31, 1919, could pay the amount of the assessment, make his claim therefor, and, if that were rejected, have at least until March 15, 1921, within which to sue to recover back the payment. P. 256.
4. A taxpayer cannot, by delaying payment of an assessment until his right to sue to recover it back is barred by limitations, make a case so extraordinary and entirely exceptional as to render Rev. Stats., § 3224, inapplicable to his suit to enjoin collection by distraint. P. 256. *Lipke* v. *Lederer*, 259 U. S. 557; *Hill* v. *Wallace*, *id.* 44, and other cases distinguished.
5. A taxpayer, whose income return for the year 1915 was filed before March 15, 1916, and who was assessed additionally, December 31, 1919, and, on March 8, 1920, filed a claim for abatement

of such assessment as void, because not made within the statutory time limit therefor and because made on a dividend of corporate shares which were not income (involving a question afterwards determined adversely in *United States* v. *Phellis,* 257 U. S. 156,) *held,* entitled under § 252 of Revenue Act 1921, and § 3226, Rev. Stats., as amended by Revenue Act of March 4, 1923, c. 276, 42 Stat. 1504, to pay the tax assessed, bring suit to recover it back, and, in such suit to raise questions as to the value of the stock, and the amount of resulting tax, and also as to whether the assessment was barred by statutory time limitation.   P. 258.

284 Fed. 1017, reversed.

This is a proceeding by certiorari to review the action of the Circuit Court of Appeals of the Third Circuit in affirming on appeal a temporary injunction granted by the District Court of Delaware restraining the then Collector of Internal Revenue for the District of Delaware from levying a distraint against the property of the complainant, Alfred I. duPont, to collect the sum of $1,576,015.86 assessed against him by the Commissioner of Internal Revenue.

In a reorganization of a Dupont Powder Company of New Jersey and the organization of a new Dupont Powder Company of Delaware to take over many of the assets of the old company, the complainant in the year 1915 received 75,534 shares of the common stock of the Delaware Company of the par value of $100 each.   The transaction was the subject of consideration by this Court in *United States* v. *Phellis,* 257 U. S. 156, where it was determined that shares in the Delaware Company received by stockholders of the New Jersey Company, as the complainant received his, at the rate of two in the Delaware Company in exchange for one in the New Jersey Company, was a separation of past accumulation of profits from the capital of the New Jersey Company and a distribution to the stockholders, and thus constituted taxable income under the Income Tax Law of 1913.

The complainant filed a return and an amended return

in March, 1916, of his income for the year 1915, in which
he did not include these shares. In November, 1917, the
Department began an investigation into the liability of
the complainant to pay an income tax on his shares of
stock in the Delaware Company and finally ordered an
assessment of $1,576,015.86. The complainant was noti-
fied of this assessment made December 31, 1919. He re-
plied the next day that as his return for 1915 was filed
before March 15, 1916, and as the law required any assess-
ment for additional amount to be made within three
years, and that period had expired, the assessment and
demand for payment were illegal. On February 2, 1920,
a hearing was granted to counsel for complainant by the
Commissioner of Internal Revenue.

On March 8, 1920, complainant filed a claim for the
abatement of the assessment of $1,576,051.86 as void be-
cause made after the limitation of three years had expired
and because the tax was on something that was not in-
come under the law.

Thereafter by agreement between the stockholders sim-
ilarly situated, one stockholder, Phellis, paid the tax due
under a similar assessment and brought suit in the Court
of Claims to recover it. Counsel for the complainant
herein took part in the argument of that case. The Court
of Claims gave judgment against the United States, but
on appeal the judgment was reversed. The opinion of
the Court was handed down November 21, 1921. All
claims for abatement had been held and not decided by
the Commissioner under an agreement with the counsel in
the *Phellis Case.* Thereafter the Commissioner rejected
complainant's claim for abatement. The bill of com-
plaint was filed January 30, 1922. The District Court
granted the temporary injunction. The Circuit Court
of Appeals on appeal affirmed the temporary injunction
for the reasons stated in the opinion of the District Court.

*Mr. Solicitor General Beck,* with whom *Mr. Nelson T. Hartson* and *Mr. Chester A. Gwinn* were on the briefs, for petitioners.

The suit in this case has for its purpose the restraining of the collection of a federal tax, and it cannot be maintained.

The only relief prayed for in the bill was injunction to restrain the collection of the tax. It is true that there was a general prayer for relief, but any relief given under a general prayer must be agreeable to the case made by the bill. *Allen* v. *Pullman's Palace Car Co.,* 139 U. S. 638, 662. In this instance respondent sought a preventive remedy only.

If § 3224 had never been enacted, it is possible that the collection of a federal tax might be restrained in cases where the remedy at law is doubtful, although from an examination of the cases arising prior to its enactment, it appears that the United States courts were unanimous in holding that the collection of a federal tax could not be restrained by injunction, regardless of the absence of any express legislative enactment inhibiting such relief. *Roback* v. *Taylor,* 4 Int. Rev. Rec. 170; *McGee* v. *Denton,* 5 Blatchf. 130; *United States* v. *Pacific R. R.,* 4 Dill. 66.

Since the enactment of § 3224 (originally § 10, Act of March 2, 1867, c. 169, 14 Stat. 475), the District and Circuit Courts have had occasion to construe and apply it in many cases, and it may be said without fear of successful contradiction that there can not be found in the federal reports to-day a single decision standing unreversed or unmodified where injunction has been granted to restrain the collection of a federal tax.

On the other hand, the cases are practically unanimous in holding that the inhibition of § 3224 applies to all assessments of taxes made under color of their offices by internal revenue officers charged with general jurisdiction

of the subject of assessing taxes. *Snyder* v. *Marks,* 109 U. S. 189, 193; *Pacific Whaling Co.* v. *United States,* 187 U. S. 447; *Corbus* v. *Alaska Gold Mining Co.,* 187 U. S. 455; *Dodge* v. *Osborn,* 240 U. S. 118; *Dodge* v. *Brady,* 240 U. S. 122; *Bailey* v. *George,* 259 U. S. 16.

This Court will not confuse the case at bar with the recent cases of *Lipke* v. *Lederer,* 259 U. S. 557, and *Regal Drug Corporation* v. *Wardell,* 260 U. S. 386, in which the collection of *penalties* under § 35 of the National Prohibition Act was restrained, or with *Pollock* v. *Farmers' Loan & Trust Co.,* 157 U. S. 429, and *Brushaber* v. *Union Pacific R. R. Co.,* 240 U. S. 1, which were suits by stockholders against the corporation in which they held stock.

Nor does *Hill* v. *Wallace,* 259 U. S. 44, support this suit, because this Court sustained that case as a stockholders' suit against a corporation to restrain the payment of so-called " taxes," adjudged to be beyond the taxing power under the Constitution, and therefore within the rule laid down in the *Pollock* and *Brushaber Cases.* This Court held that the statute laying the taxes in the case of *Hill* v. *Wallace* was not a taxing act, but an act to regulate grain exchanges. The exaction was not, therefore, strictly speaking, a " tax," nor had there been any assessment by the Commissioner of Internal Revenue or attempt by the collector of internal revenue to collect an assessment. The effect of the decision was not, therefore, to restrain the collection of a tax.

The effect of § 3224, Rev. Stats., as construed and applied by this Court, may be summed up as follows: If the assessment is of a tax for revenue purposes, made and attempted to be enforced by the proper revenue officers of the United States under color of their offices, its collection can not be restrained by injunction. *Cheatham* v. *United States,* 92 U. S. 85; *State Railroad Tax Cases,* 92 U. S. 575; *Snyder* v. *Marks,* 109 U. S. 189; *Pacific Whaling Co.* v. *United States,* 187 U. S. 447: *Corbus* v. *Alaska*

*Gold Mining Co.* 187 U. S. 455; *Dodge* v. *Osborn,* 240
U. S. 118; *Dodge* v. *Brady,* 240 U. S. 122; *Bailey* v.
*George,* 259 U. S. 16.

Respondent's remedy at law was plain, adequate, and
complete, and was not, and is not, barred by any provision
of the Revenue Act of 1921, or any other statute.

The District Court was clearly right in denying plain-
tiff relief on the grounds: (1) That the assessment was
illegal and invalid in that it was not made within three
years after the due date of the return; *Eliot National
Bank* v. *Gill,* 210 Fed. 933; *Penrose* v. *Skinner,* 278 Fed.
284; *Snyder* v. *Marks,* 109 U. S. 189; (2) that the amount
of the assessment was larger than it should have been;
*Phellis* v. *United States,* 56 Ct. Clms. 156; *Snyder* v.
*Marks,* 109 U. S. 189; Rev. Stats., § 3224; (3) that the
assessment constituted a cloud upon respondent's title to
his lands; Rev. Stats., § 3224; *Dodge* v. *Osborn,* 240 U. S.
118; (4) that the enforcement of the assessment and
demand would result in great hardship to respondent.
*Calkins* v. *Smietanka,* 240 Fed. 138; *Markle* v. *Kirken-
dall,* 267 Fed. 498.

The reason assigned by the District Court, absence of
adequate legal remedy, gives no effect whatever to § 3224,
but attempts to decide the case on general principles of
equity. Furthermore, it is incorrect.

Section 252, Revenue Act 1921, did not bar respondent
from his remedy at law; and, even if it did, the bar has
been removed by the amendment of March 4, 1923.

The court below held that the first proviso of § 252 con-
stituted a bar to respondent's remedy at law because
more than five years had elapsed since the due date of the
income-tax return, and the tax was still unpaid; there-
fore, if respondent had paid the tax after such five years,
he could not have claimed a refund because, under the
first proviso of § 252, the Commissioner of Internal Rev-
enue was not authorized to allow a credit or refund after
such five years.

The construction of the court below was contrary to the contemporaneous construction of the Department at the time the bill was filed, which was later published in T. D. 3416, approved December 16, 1922.

But the previous construction is immaterial now, because by the amendment of March 4, 1923, Congress has authorized the Commissioner to allow a refund or credit in any case where the claim is filed within two years after the payment of the tax, even if the payment is more than five years after the due date of the return.

Section 250 (d), Revenue Act 1921, does not bar the collection by distraint after, if the assessment is made before, the expiration of five years after the date when the return was filed. Section 1320 of that act, cited in the opinion of the court below, does not apply to income taxes.

Distraint is not a " proceeding " within the meaning of § 250 (d) to the effect that " no suit or proceeding for the collection of any such taxes . . . shall be begun, after the expiration of five years after the date when such return was filed." The " proceeding " referred to therein is obviously a judicial proceeding.

This Court indicated by its language in *Dodge* v. *Osborn,* referring to § 3224, that there might possibly arise a case where " by some extraordinary and entirely exceptional circumstance its provisions are not applicable." Such a case had apparently not come to the attention of this Court up to the time of its decision in *Dodge* v. *Osborn,* but the kind of case it evidently had in mind was such as *Lipke* v. *Lederer,* 259 U. S. 557, where this Court held that the exaction was not a " tax," and that § 3224 did not apply. Such a case might also arise where an unauthorized person attempts without color of office or of law to enforce distraint for the collection of an alleged tax; but it can never apply in a case like the one at bar, where the tax in some amount was indisputably due under a decision of this Court, *United States* v. *Phellis,* 257

U. S. 156; the amount of the assessment was correct under a decision of the Court of Claims, *Phellis* v. *United States,* 56 Ct. Clms. 157; the assessment was made by the Commissioner of Internal Revenue and claimed by him to be correct; and the collection was attempted by a method prescribed by law and by an officer authorized by law to make such collections. *Snyder* v. *Marks,* 109 U. S. 189; *Kensett* v. *Stivers,* 10 Fed. 517.

*Mr. William A. Glasgow, Jr.,* with whom *Mr. Henry P. Brown* was on the brief, for respondent.

The alleged assessment under authority of which the distraint is proposed to be made, is without authority of law, illegal and void. The threatened seizure and sale of respondent's property will be illegal and invalid, unless the tax claimed has been duly and properly assessed and the threatened proceedings are authorized by statute. *Williams* v. *Peyton,* 4 Wheat. 77; *Early* v. *Doe,* 16 How. 610; *Ronkendorff* v. *Taylor's Lessee,* 4 Pet. 349; 37 Cyc. 1231.

Under the Income Tax Act of 1913, § E, 38 Stat. 169, and Rev. Stats., § 3176, as amended by that act, 38 Stat. 179, the assessment was illegal because: (1) The only return alleged by petitioners to have been made upon behalf of respondent, was not made until July, 1919, or thereafter. (2) The alleged return relied upon by the petitioners was not such a return as was contemplated by the act, as it was not made by the persons designated or in the manner prescribed. (3) The assessment was not based upon the alleged return. (4) The assessment was not made until December, 1919.

The Commissioner not only failed to comply with the requirements of the law, but was without any jurisdiction whatever to make that assessment at the time that it was made. Under these circumstances the assessment is not merely irregular but void. *Ogden City* v. *Armstrong,* 168 U. S. 224.

It follows that there is no basis for any summary proceedings by distraint to enforce payment of the additional tax claimed by the petitioners.

The petitioners' contention that the three-year period referred to in § E, Act of 1913, relates merely to the time within which the discovery of the omission of income must be made is erroneous; the period relates to the time within which the Commissioner must file a return.

Under their construction, if any error was discovered by the Commissioner within three years, he would have had authority at any time thereafter, no matter how remote, to make a return and assessment and proceed to collect the tax by summary process. His authority to proceed by summary proceedings, would not necessarily be determined by any matter of record, but would depend entirely upon whether he or his predecessor in office had knowledge of the error within the three-year period. The burden would be upon the taxpayer to disprove such knowledge and this whether the Commissioner was alive or dead or otherwise unobtainable as a witness. Thus every case wherein a return was filed after the three-year period would necessarily involve the question of fact as to whether the alleged error had been discovered within said period by the Commissioner then in office. *Woods* v. *Llewellyn,* 252 Fed. 106; *Eliot National Bank* v. *Gill,* 218 Fed. 600; *Penrose* v. *Skinner,* 278 Fed. 284; Montgomery's Income Tax Procedure, ed. 1922, p. 196, footnote 17.

The threatened distraint would be in violation of the express inhibition of § 250 (d), Revenue Act 1921.

On January 30, 1922, when this proceeding was instituted, more than five years had expired since March 1, 1916, when respondent's return was filed, and a distraint or seizure of his property at that time would have constituted a " proceeding " within the inhibition of that section.

That this is the proper construction of its provisions appears unmistakably from the fact that they forbid a determination and assessment after the five year period " unless both the Commissioner and taxpayer consent in writing to a later determination, assessment and collection of the tax." In other words, it was recognized by Congress that consent to merely a determination and assessment of the tax after the five year period would be futile, because even if the tax should be thus determined and assessed, its collection would still be impossible because of the provisions forbidding the commencement of " any suit or proceeding for the collection " of the tax after the five year period. In order to make the consent of the taxpayer effective, therefore, it was provided that it should relate not only to the determination and assessment of the tax but to its collection.

That the phrase " proceeding for the collection of any such taxes " as used in § 250 (d) contemplates a collection by distraint, is also evidenced by other provisions of the Revised Statutes. See §§ 3190, 3187, 3196, 3197, 3207.

These designate the proceedings which are available to the Collector for the collection of a tax, and are obviously contemplated by the inhibition of § 250 (d) against any " proceeding for the collection of any such taxes."

Congress could have had no reasonable object in prohibiting, after the five year period, such a suit as is contemplated by § 3207, while allowing a distraint or seizure after that period under §§ 3187 and 3196. Likewise, if, as petitioners claim, Congress had intended to impose no time limit upon the right of the Government to collect a tax by distraint, provided an assessment had been made within five years from the time the tax was due, it is difficult to understand why, in a case where such an assessment had been made, Congress expressly prohibited the collection of such tax by suit after the expiration of said period.

The remedy of distraint has always been the customary method employed to collect taxes, and it has been only in very exceptional cases that the Government has ever resorted to suit. What purpose could Congress have had in mind in depriving the Government of an extraordinary remedy rarely used, while leaving unaffected the customary proceeding by distraint? The obvious intention of Congress was to protect the taxpayer. But what possible reason could there be for protecting him against procedure almost never employed by the Government, if no protection was to be afforded him against the usual and ordinary method of proceeding by distraint?

Also, under the theory advanced by the petitioners, the words " or proceedings " would have comprehended only that which would be included in the ordinary definition of the word " suit," and would, therefore, have been mere surplusage.

The provisions of § 250 (d) which require determination and assessment of the tax within the five-year period, obviously relate to the functions of the Commissioner and impose restrictions upon his authority; while it is equally apparent that the provisions which enjoin any suit or proceeding for the collection of the tax after the prescribed period, relate to the functions of the Collector and are intended to impose restrictions upon his authority to collect taxes which have been assessed by the Commissioner, regardless of the method of collection adopted.

Moreover, while we contend that the limitation imposed by § 250 (d) applies whether or not there has been an assessment, we also take the position, already explained, that the assessment relied upon by the petitioners is illegal and void and that the situation is the same as though no assessment had been made. If this contention is correct, it is immaterial whether or not distraint is contemplated by the word " proceeding ", as neither assessment nor distraint would have been made within the five-year period.

We submit, therefore, that the express language and obvious purpose of § 250 (d), was to afford the honest taxpayer, after the expiration of the five-year period, protection against the institution of any proceedings whatever, whether by distraint or otherwise, which have for their object the collection of a tax, and regardless of whether there had or had not been an assessment.

We also submit that the foregoing argument demonstrates the correctness of our first principal proposition, that a distraint by the petitioners for the purpose of collecting the additional income tax claimed to be due from respondent for the year 1915, would be without authority of law and in violation of express statutory inhibition.

Section 3224, Rev. Stats., does not preclude the respondent from equitable relief.

The " extraordinary and entirely exceptional circumstances " referred to in *Hill* v. *Wallace*, 259 U. S. 44, consisted of the fact that failure to pay the tax would subject the taxpayer " to heavy penalties " and that recovery of the amount paid by the Board of Trade " would necessitate a multiplicity of suits and, indeed, would be impracticable."

In the present case the " extraordinary and entirely exceptional circumstances " making § 3224 inapplicable are as follows: (1) The Commissioner had no jurisdiction to make the assessment relied upon and the assessment was, in consequence, void. (2) Section 3224, when construed in connection with § E of the Act of 1913 and with § 250 (d) of the Act of 1921, does not forbid equitable relief under circumstances such as exist in the present case. (3) Unless the respondent is afforded equitable relief, he will be without legal remedy or such remedy would be inadequate.

We have already shown that the Commissioner had no jurisdiction to make the assessment. The following cases show that under such circumstances § 3224 has no appli-

cation: *Ledbetter* v. *Bailey,* 274 Fed. 375; *Polk* v. *Page,* 276 Fed. 128; *Page* v. *Polk,* 281 Fed. 74 (reversed on another aspect); *Nichols* v. *Gaston,* 281 Fed. 67; *Frayser* v. *Russell,* Fed. Cas. No. 5,067; *Ogden City* v. *Armstrong,* 168 U. S. 224.

The foregoing cases show that § 3224 is applicable when the injunctive relief prayed for is dependent upon mere errors or irregularities in the assessment which do not go to the foundation of the tax. In such cases it may be properly said that provided the assessment is made under color of their offices by proper government officials charged with general jurisdiction of the subject of assessing taxes, the taxpayer is remitted to his legal remedy if there be one. When, however, it is no mere error or irregularity in the assessment, which is complained of, but upon the contrary a complete want of jurisdiction in the Commissioner to make the assessment and the assessment is in consequence void, § 3224, is not applicable.

It may be said of the federal tax system, as it was said in effect, in *Ogden City* v. *Armstrong, supra,* in reference to the laws of Utah, that the system prescribed by the United States with respect to the collection and refund of taxes, is intended to apply in all cases where the tax is properly assessed and collected, or where there is a mere irregularity or error in the assessment or collection which does not go to the foundation of the tax. But that, where the assessment and, in consequence, the tax is wholly void and illegal, the statutes and their remedies for errors and irregularities have no application.

Section 3224, Rev. Stats., when construed in connection with § E, Revenue Act 1913, and with § 250 (d), Revenue Act 1921, does not forbid equitable relief under circumstances such as exist in the present case.

As already shown, § E of the Act of 1913, authorizes assessment, in the case of " false " returns, within three years after the return was due, while § 250 (d) of the

Revenue Act of 1921, expressly prohibits " any suit or proceeding for the collection " of the tax after five years from the date the return was filed.   These provisions were enacted for the purpose of protecting the taxpayers against assessment and against any summary proceeding instituted to collect the tax, after the three and five years periods had elapsed.   Can the petitioners success-fully maintain that it was the intention of Congress that the taxpayer should be without any means of availing himself of this protection in case the government officials chose to disregard the statutory limits imposed upon their authority?

Unless the respondent is entitled to equitable relief, he can in no way obtain the protection intended to be afforded him by Congress and the statutory limitations imposed upon the authority of the Commissioner and Collector would be meaningless.   Unless the Court may exercise its restraining influence in such a case as the present, there would be, in effect, no limitation upon the period during which an assesment or distraint might be made.

Such a result, so manifestly opposed to the intention of Congress, may be avoided by reading § 3224, and the Acts of 1913 and 1921, together and in the light of the authorities already cited.   When so construed, § 3224 applies when the complaint is of some mere error or ir-regularity in the proceeding or an improper exercise of discretion upon the part of a government official, but does not forbid relief when the threatened distraint is not only based upon a void assessment but is also expressly for-bidden by statute.

Revised Statutes, § 3224, provided that no injunction shall issue to restrain the assessment or collection of any tax, and by a later statute (Act of 1921) it is provided that no suit or proceeding shall be begun for the collection of any taxes after the expiration of five years after the

date when the return was filed. It would seem obvious that the only way to enforce the provisions of the Act of 1921 would be by injunction if the Collector undertook to violate its provisions, and therefore § 3224 and the Act of 1921, should be read together, and in a case where the limitation bars the officer's right to proceed, it should be held that the provisions of the Act of 1921 supersede § 3224.

Unless the respondent is afforded equitable relief, he will be without legal remedy or such remedy would be inadequate, for the following reasons:

(a) The right given to the respondent by § E, Revenue Act 1913, to be protected against assessment after the expiration of the three-year period, and the right given him by § 250 (d), Revenue Act 1921, to hold his property free from seizure and distraint after five years from the date when his return was filed, cannot be enforced in a court of law.

(b) There is no statutory provision under which the respondent may file a claim for refund, which is a condition precedent to the institution of suit.

(c) Assuming, for argument's sake, that a legal remedy would be available to the respondent, it would be inadequate to compensate him for the loss of his freehold.

The statutory provisions in question confer upon the taxpayer a substantial right, the right to hold his property free from seizure and distraint after the five year period, and the only way in which the respondent may enforce this right and obtain the protection intended to be afforded him by § 250 (d), is by asserting the provisions of that section as a bar to the collection of the tax.

Moreover it would appear that the only right given to the taxpayer by that section, is the right to oppose the collection of the tax after the five year period, and that if this right cannot be successfully asserted as a bar to collection, it becomes ineffective for any purpose whatever.

for it is at least extremely doubtful whether such right as is given by § 250 (d) could be made the basis of a suit by a taxpayer to recover the amount of a tax which has been collected. In such a suit the Government would contend that its *right* to the tax was not impaired by § 250 (d), and that that section relates solely to remedy and gave the taxpayer merely a personal defense which he had been unable to successfully interpose to the collection of the tax.

As against the threatened distraint proceedings, the only way in which respondent may interpose the right or defense afforded by § 250 (d) is by a proceeding in equity.

A like argument applies to the enforcement of the right given respondent by § E, Revenue Act 1913, to be protected against assessment after the three year limitation.

There is no statutory provision under which the respondent may file a claim for refund, which is a condition precedent to the institution of suit. Section 3226, Rev. Stats., as amended by Revenue Act 1921, provides that no suit or proceeding shall be maintained for the recovery of any tax, " until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof." Section 3228, as amended by the Act of 1921, is the only statute under which a claim for refund may be filed which will afford a basis for a suit and this section does not apply to a claim for refund of taxes paid under the Revenue Act of 1913.

Assuming, for argument's sake, that a legal remedy would be available to the respondent, it would be inadequate to compensate him for the loss of his freehold. *Ogden City* v. *Armstrong,* 168 U. S. 224.

We submit, therefore, that the present case falls within the category of extraordinary and exceptional cases which

have been held by this Court not to be within the inhibition of § 3224, Rev. Stats.

It is submitted that there is not the slightest similarity between the facts in *Snyder* v. *Marks,* 109 U. S. 189, and those in the present case. Moreover, in that case, this Court held that § 3224 forbids injunctive relief only when the tax claimed " is in a condition to be collected as a tax," and that " the list shows a tax which the appellant might be liable to pay, and one which the commissioner had general jurisdiction to assess against him," (109 U. S. at 192, 193), whereas in this case the claim is for a tax which the collector is expressly forbidden to attempt to collect by any " suit or proceeding."

In discussing the technical legal points of the present case, one is apt to lose sight of the substantive merits of the respective positions of the parties.

The facts show that the alleged return is not in proper form, nor made by the proper official; it was not made within three years from March 1, 1916; the alleged assessment relied upon was not even based upon the alleged return, and was likewise made after the three years period, and the tax claimed is based on a valuation of the stock far in excess of its real value.

In addition to this, we have the Act of 1921, expressly forbidding the collector from proceeding either by distraint or suit to collect any tax after five years from the date when the return was filed.

Regardless of these facts, we have the spectacle of a United States government official insisting that although his threatened actions are in express violation of statutory inhibition, they cannot be enjoined because of a technical construction of § 3224, Rev. Stats. According to his contention, he must, therefore, be permitted to collect the tax by distraint, although Congress has declared that he shall not, and respondent must be left to discover by long and tedious legal process whether or not there is any legal

remedy by which he may obtain any redress for a wrong committed in violation of express statutory inhibition.

*Mr. Solicitor General Beck* in reply:

The amount of the tax due to the United States from the respondent cannot be determined in a suit for injunction to restrain the collection of the assessment.

The assessment of the tax made by the Commissioner of Internal Revenue in December, 1919, was legal and its collection by distraint was not barred by § 250 (d), Revenue Act 1921, or any other statute.

Viewed either in the light of the limitation contained in § II E of the Income Tax Act of October 3, 1913, under which the tax was assessed, or under § 250 (d), Revenue Act of 1918, if applicable, the assessment of the Commissioner was made within the statutory period and was a legal assessment. The assessment was made within five years and was therefore within the limitation prescribed by the later act. Whether the Act of 1918 applied only to taxes imposed thereunder may be an open question. The return was due and was made March 1, 1916, and the assessment was made on the December, 1919, list. The assessment in this case was made under the Income Tax Act of 1913, § II E.

By the word " false," contained in § II E, is not meant " fraudulent," but merely untrue or incorrect. *Woods* v. *Llewellyn,* 252 Fed. 106; *Eliot National Bank* v. *Gill,* 210 Fed. 933; 218 Fed. 600; *National Bank* v. *Allen,* 223 Fed. 472; *United States* v. *Nashville & St. Louis Ry. Co.,* 249 Fed. 678. In any event the failure of the respondent to make a return of the income in question was a " refusal or neglect." Fraud is not essential. Respondent's return for the year 1915 was untrue and incorrect in the light of the decision of this Court in the *Phellis Case.*

Under § II E of the 1913 Act, if the discovery of the falsity of the return was made within three years the assess-

ment could be made at any time thereafter. *Eliot National Bank* v. *Gill,* 218 Fed. 600; *Penrose* v. *Skinner,* 278 Fed. 284. This agrees with the departmental construction of the Act of August 5, 1909, and the Act of October 3, 1913, and such has been the continuous and uniform construction of the Department ever since the enactment of said statutes.

Respondent raises other questions, such, for example, as that § II E of the Income Tax Act of 1913, requires a "return on information" to be made by the Commissioner, and that the return in this case was not (*a*) in the prescribed form, (*b*) made by the Commissioner himself or the collector or deputy collector, but was made by a revenue agent, (*c*) made within three years after the due date of the return, and (*d*) did not show the exact amount of tax as was shown by the assessment. These objections to the form and manner of making the assessment are not entitled to consideration in this form of proceeding. At the most, they affect merely the regularity of the assessment.

Nothing could be better settled by the decisions of this Court than that neither the accuracy nor the validity of an assessment of a tax can be determined in a suit for injunction to restrain its collection. *Snyder* v. *Marks,* 109 U. S. 189; *Dodge* v. *Osborn,* 240 U. S. 118; *Pacific Whaling Co.* v. *United States,* 187 U. S. 447.

Distraint for the collection of the assessment would not violate § 250 (d), Revenue Act 1921, and even if it did, the remedy would not be by injunction to restrain the collection of the tax.

The respondent misconstrues § 250 (d). It does not contain a five-year limitation upon the collection by distraint of taxes due and assessed under the Act of 1913. A limitation upon two separate acts is contemplated by it: (1) upon assessment, and (2) upon a "suit or proceeding." The limitation upon judicial remedy is conditioned

upon and a part of the preceding limitation as to assessments.

Congress obviously meant that the Government could have the prescribed period of years to assess the tax, and recognizing the preëxisting law that it could sue to enforce a tax liability even though there were no assessment, it further provided, in order to make its limitation effective, that when the Government had not assessed the tax within the prescribed period it could not sue in the courts, either at common law or in equity, to enforce the unassessed liability of the taxpayer.

If, however, the taxes were assessed within the prescribed period, then the limitation as to a " suit or proceeding " had no application and a suit could be begun at any time.

This construction is in harmony with the entire scheme of taxation, for a tax when assessed has always been a definite liability, and remains a perpetual lien upon the taxpayer's real estate and it was never intended that when a tax was once assessed the taxpayer could escape by a limitation of time. To do this would be to put a premium upon the neglect to pay taxes duly assessed.

An assessment becomes a lien on all the property of the taxpayer under § 3186, and requires no judgment of a court for its satisfaction. An assessment is unnecessary as the basis of a suit to recover taxes, and a suit is unnecessary where there is a valid assessment. To hold that the right to distrain is limited to five years after the due date of the tax, as is the right to assess, would be to destroy the force and effect of an assessment, if made near the end of the five-year period. See Report, Committee on Finance, No. 275, 67th Cong., 1st sess., p. 21, part IV.

The word " proceeding " has been used over and over again by Congress in conjunction with the word " suit " to refer to judicial proceedings and to judicial proceedings alone.

Conceding for the sake of argument that the construction of § 250 (d) is doubtful; even so, the rule in cases of doubtful construction is not that " the doubt is to be resolved in favor of the taxpayer," as stated in respondent's brief, with a quotation from 22 Cyc. 1605. It is only where there is doubt as to whether the statute levies a tax upon a particular person or thing that the doubt has been resolved in favor of the taxpayer by this Court. *Gould* v. *Gould,* 245 U. S. 151. There is no question in this case that the respondent is a taxable person or that the dividends received by him were taxable as income. *United States* v. *Phellis,* 257 U. S. 156. He is seeking exemption from taxation through a technicality, and such exemptions are to be strictly construed against the person claiming the exemption. *Bank of Commerce* v. *Tennessee,* 161 U. S. 134, 146.

Respondent can pay the tax and file a claim for the refunding thereof under § 252, Revenue Act of 1921, as amended by the Act of March 4, 1923.

Under § 252, as amended, respondent can file a claim for refund or credit within two years after payment of the tax, and if his claim is rejected or held by the Commissioner for six months without a decision, he can commence a suit for the recovery back of the tax under § 3226, Rev. Stats., as amended by § 1318, Revenue Act 1921, and the Act of March 4, 1923. See also T. D. 3462, amending Art. 1039, Regulations 62, Income Tax, 1922 ed.; T. D. 3463, amending Art. 1050, Regulations 63; and T. D. 3457, dated March 17, 1923.

MR. CHIEF JUSTICE TAFT, after stating the case as above, delivered the opinion of the Court.

Section 3224, Rev. Stats., provides that " No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." In *Cheatham* v. *United States,* 92 U. S. 85, 88; *State Railroad Tax Cases,*

92 U. S. 575, 613, and in *Snyder* v. *Marks,* 109 U. S. 189, 193, it was said that the system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures not judicial, to collect them, with appeals to specified tribunals and suits to recover back moneys illegally exacted, was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues. In the exercise of that right, it declares by § 3224 that its officers shall not be enjoined from collecting a tax claimed to have been unjustly assessed, when those officers, in the course of general jurisdiction over the subject matter in question, have made the assessment and claim that it is valid. This view has been approved in *Shelton* v. *Platt,* 139 U. S. 591; in *Pittsburgh, etc., Ry.* v. *Board of Public Works,* 172 U. S. 32; in *Pacific Steam Whaling Co.* v. *United States,* 187 U. S. 447, 451, 452; in *Dodge* v. *Osborn,* 240 U. S. 118, 121, and in *Bailey* v. *George,* 259 U. S. 16.

The District Court recognized the sweep of these decisions in respect of the contention of the complainant that the assessment of this tax and the threatened distraint to collect it were barred by limitations under the statute, and was of opinion that as a rule such attacks upon the validity of the tax could only be heard and considered after the tax had been paid in a suit to recover it back. In this view we fully concur.

The District Court, however, thought that an exception to the operation of § 3224 must arise when it appeared, as it held it did appear here, that no provision of law existed by which if the taxpayer when he filed his bill for an injunction had paid the tax assessed, he could bring a suit to recover it back because it would be barred by the statutory limitation of time in which such a suit could be brought.

The court based its conclusion on § 252 of the Revenue Act of 1918, c. 18, 40 Stat. 1085, reënacted in the Revenue Act of 1921, c. 136, 42 Stat. 268, which reads as follows:

"If, upon examination of any return of income made pursuant to . . . the Act of October 3, 1913 . . . it appears that an amount of income . . . tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income . . . taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer: *Provided,* That no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer."

The return was due March 15, 1916. The assessment was made December 31, 1919. The complainant might then have paid the tax and would have had two years in which to make his claim, and if rejected, to sue to recover it back if, as he now submits, § 252 limited his right to pay and sue to recover. Under such a construction and application of § 252, suit must have been brought on or before March 15, 1921. This is what Phellis did (*United States* v. *Phellis,* 257 U. S. 156) and there was no question raised as to his right to bring the suit in the Court of Claims to recover back the tax paid by him if it had proved to be illegally assessed and collected. Certainly complainant could not, by delaying his payment until his right to sue to recover it back expired, make a case so extraordinary and entirely exceptional as to render § 3224, Rev. Stats., inapplicable.

If it be said that he was waiting for the Commissioner to act on his claim for abatement of the assessment, it is enough to say that the Commissioner's delay until after the decision of the *Phellis Case* in November, 1921, was

due to agreement by the parties. Nor was he prevented from paying the assessment by his claim for abatement.

The cases complainant's counsel rely on do not apply. The cases of *Lipke* v. *Lederer*, 259 U. S. 557, and *Regal Drug Corporation* v. *Wardell*, 260 U. S. 386, were not cases of enjoining taxes at all. They were illegal penalties in the nature of punishment for a criminal offense. *Pollock* v. *Farmer's Loan & Trust Co.*, 157 U. S. 429, and *Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1, were suits by stockholders against corporations to restrain the corporations from paying taxes alleged to be unconstitutional. *Hill* v. *Wallace*, 259 U. S. 44, was in part a suit like the foregoing. It was a bill filed by members of the Chicago Board of Trade to prevent the governing board from applying to the Secretary of Agriculture to have the Board of Trade designated as a " contract market " under the Future Trading Act on the ground that the act was unconstitutional and its operation would impair the value of the Board to its members. Without such designation, no member could have sold grain for future delivery without paying a prohibitive tax, and if he sold without paying the tax, he was subjected to heavy criminal penalties. To pay such a tax on each of the many thousands of transactions on the Board, and to sue to recover them back would have been utterly impracticable. It would have blocked the entire future grain business of the country and would have seriously injured not only the members of the Board but also the producing and consuming public. This phase of the situation was so clear that the Government in effect consented to the temporary injunction. See *Hill* v. *Wallace*, 257 U. S. 310, s. c. 615. Under these extraordinary and most exceptional circumstances, it was held that § 3224 was not applicable to prevent an injunction against collection of such a prohibitive tax imposed for the purpose of regulating the future grain

business with all the unnecessary and disastrous consequences its enforcement would entail if the act was unconstitutional. *Hill* v. *Wallace* should, in fact, be classed with *Lipke* v. *Lederer, supra,* as a penalty in the form of a tax. Certainly we have no such case here.

This conclusion renders it unnecessary for us to consider whether § 252 of the Revenue Act of 1921, in connection with § 3226, Rev. Stats., as amended by the same Revenue Act of 1921, barred complainant's right to pay the tax and sue to recover it back at the time of filing his bill, as held by the District Court. It is certain that by the amendments to § 252 and § 3226, Rev. Stats., by the Act of March 4, 1923, c. 276, 42 Stat. 1504, the complainant is given the right now to pay the tax, and sue to recover it back, and in such a suit to raise the questions as to the value of the stock and the amount of the resulting tax and also as to the bar of time against the assessment which he attempted to raise in the bill.

The decree of the Circuit Court of Appeals is reversed and the case is remanded to the District Court with directions to dissolve the temporary injunction and to dismiss the bill.

*Reversed.*