**ERIE TAXI CO. v. GNICHTEL, Internal Revenue Collector, et al.**

(District Court, D. New Jersey. December 3, 1926.)

Internal revenue ⬯⇒28(3)—Bill to restrain collecting taxes will be dismissed, as failure to show taxpayer's right to sue for return of taxes is barred (Comp. St. § 5947; Revenue Act, 1926, tit. 2, § 278d).

In view of Rev. St. § 3224 (Comp. St. § 5947), and Revenue Act 1926, tit. 2, § 278d (44 Stat. 59), bill to restrain collection of taxes will be dismissed, where nothing is indicated which bars taxpayer's right to sue for return of taxes, if imposition is improper.

In Equity. Suit by the Erie Taxi Company against Edward E. Gnichtel, Collector of Internal Revenue, and another, to restrain the collection of taxes. Bill dismissed.

Surosky & Surosky, of Paterson, N. J., for complainant.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., for defendants.

BODINE, District Judge. This is a bill to restrain the collection of taxes. Revised Statutes, § 3224 (Comp. St. § 5947) sought to avoid such interference with the machinery of government. See Graham v. Dupont, 262 U. S. 234, 43 S. Ct. 567, 67 L. Ed. 965.

The return, upon which the taxes in question were assessed, was for the year 1919, and must have been made in the year 1920. The collector had, under the statute, five years in which to make the assessment. This he seems to have done. Under Revenue Act 1926, tit. 2, § 278d (44 Stat. 59), he had six years after the assessment was made in which to distrain for the taxes. Nothing is indicated which bars the right of the taxpayer to sue for the return of the taxes, if the imposition is improper.

The bill will be dismissed, with costs.