**R. J. REYNOLDS TOBACCO CO. OF WINSTON SALEM, N. C., v. ROBERTSON, Collector of Internal Revenue.**

District Court, M. D. North Carolina.
May 2, 1935.

464

Alexander H. Sands, of Richmond, Va., for plaintiff.

Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., for defendant.

HAYES, District Judge.

The R. J. Reynolds Tobacco Company brings this suit in equity to enjoin C. H. Robertson, Collector of Internal Revenue for the District of North Carolina, from assessing and collecting an internal revenue tax on cigarettes for domestic consumption upon a quantity of cigarettes which the complainant had shipped to foreign purchasers; the cigarettes having been crated, labeled, and consigned to the purchasers at foreign ports. The complainant gave the usual export bond and thereafter delivered the cigarettes to a common carrier in Winston Salem for transportation to Norfolk, where they were to be loaded for export to their destinations. The cigarettes were stolen from the common carrier without connivance on the part of the complainant.

The plaintiff after notice to the defendant asks for a temporary injunction pending the final hearing and bases its claim therefor upon the bill of complaint which is duly verified. The defendant has not answered but appeared, pursuant to the notice, and opposed the granting of the restraining order, and relies on section 3224, Revised Statutes, 26 U.S.C.A. § 154 (now 26 U.S.C.A. § 1543).

The complainant takes the position that the shipment was exported, and was moving in export, from the time it was delivered to the common carrier at Winston Salem, N. C.; that the Federal Constitution forbids the levying of a tax on exports; that congress has not enacted a law to impose a tax on exports, but it has expressly exempted exports from internal revenue taxes; and that the commissioner is exceeding his authorized powers if he endeavors to collect the tax in any manner except by proceeding on the export bond.

 It is manifest that no tax can be levied by congress on exports. Article 1, § 9, cl. 5, United States Constitution. The provision should be liberally construed to give effect to its provision. It has been construed to mean that the process of exportation shall not be obstructed by any burden of taxation. United States v. Hvoslef, 237 U.S. 1, 35 S.Ct. 459, 59 L. Ed. 813, Ann.Cas.1916A, 286. Exportation is a trade movement, and what is essential to the process of exportation is to be determined by the exigencies of the trade. Insurance against loss was held to be an integral part of transportation and not taxable. Thames & Mersey Marine Ins. Co., Limited, v. United States, 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann.Cas. 1915D, 1087. A bill of lading is not subject to tax. Fairbank v. United States, 181 U.S. 283, 21 S.Ct. 648, 45 L.Ed. 862. So a tax on a charter party was an unwarranted burden on export. United States v. Hvoslef, supra. The sale of baseball bats for export is a part of export, a set-up in export where title passes on delivery to the carrier, and is not taxable. A. G. Spalding & Bros. v. Edwards, 262 U.S. 66, 43 S.Ct. 485, 67 L.Ed. 865. In this case, it was decided that the delivery of the goods to the carrier that was to take them across the sea marked the beginning of the export, hence a sale which was completed by such a delivery could not be taxed, thus distinguishing it from Cornell v. Coyne, 192 U.S. 418, 24 S.Ct. 383, 48 L.Ed. 504. In Kidd v. Pearson, 128 U.S. 1, 9 S.Ct. 6, 32 L.Ed. 346, it was decided that commerce did not begin until manufacture was finished. It was said in Coe v. Errol, 116 U.S. 517, 525, 6 S.Ct. 475, 477, 29 L.Ed. 715, goods cease to be governed by domestic law and begin to be governed by the national law of commercial regulation the moment in which "they commence their final movement for transportation from the state of their origin to that of their destination." The opinion apparently makes the same test as to exports.

 If the collector is acting beyond his statutory power by imposing a so-called tax on exports when the law does not authorize it, his action could be enjoined if other equitable elements are present, Santa Fé Pacific Railroad Co. v. Lane, 244 U.S. 492, 37 S.Ct. 714, 716, 61 L.Ed. 1275. Here it is said: "Thus, the demand was an unauthorized act, done under color of office, and the defendant properly may be enjoined from insisting upon or giving effect to it, unless it be that there is an absence of other elements essential to granting such relief." It was decided that there was no remedy at law that would be as plain, adequate, and complete as a suit

to enjoin. Where the commissioner's action is based on erroneous construction of statute and is arbitrary and capricious, a suit to enjoin his action may be maintained, if other equity is present. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422. There it was decided that the tax sought would destroy complainant's business and no adequate remedy at law existed.

No such situation exists here. There is a controversy between the parties as to the legality of the tax, but there is an utter failure on the part of the complainant to show that he does not have an adequate remedy at law. In all the cases cited above involving the tax on exports, the tax had been paid and the suit was brought to recover it. The recovery was granted in those cases where the commissioner had exacted a tax on goods in the process of exporting. The proper procedure is to pay the tax and sue to recover. Bailey v. George, 259 U.S. 16, 42 S.Ct. 419, 66 L.Ed. 816; Graham v. Du Pont, 262 U.S. 234, 258, 43 S.Ct. 567, 67 L.Ed. 965. Indeed, the remedy of complainant if he pursues this course is better than to force the collector to proceed against the bond. Since there is no equity involved other than the exaction of what is alleged to be an illegal tax, this court, in view of section 3224, is without power to grant the injunction.

The cases of Lipke v. Lederer, 259 U.S. 557, 42 S.Ct. 549, 66 L.Ed. 1061, and Regal Drug Corporation v. Wardell, 260 U.S. 386, 43 S.Ct. 152, 67 L.Ed. 318, upon which complainant relies, are not controlling here. Graham v. Du Pont, 262 U.S. 234, 257, 43 S.Ct. 567, 67 L.Ed. 965.

The motion of injunction is denied.