**UNITED STATES v. STILES et al.**

Civil Action No. 418.

District Court, W. D. Arkansas,
Fort Smith Division.

Sept. 29, 1944.

C. R. Barry, U. S. Atty., and Philip G. Alston, Asst. U. S. Atty., both of Fort Smith, Ark., for petitioner.

Hardin, Barton & Shaw and Warner & Warner, all of Fort Smith, Ark., for respondents.

MILLER, District Judge.

On June 30, 1944, the United States of America filed a petition asking that a subpoena duces tecum be issued commanding the respondent, W. G. Stiles, as president of the respondent, Arkansas Burial Society, Inc., to appear before Arthur L. McNew, an agent of the Internal Revenue Service of petitioner to testify and produce before the said agent certain books, papers and records of the respondent, Society.

The petitioner alleged that the respondent, Society, is a corporation organized and doing business under the laws of the State of Arkansas, with its principal place of business in Fort Smith, Arkansas; that it had been engaged in business for the years 1934–43, both inclusive, and that during those years it had not paid an income tax to the petitioner nor had it ever filed any income tax return for any of the years above set forth. The petitioner further alleged:

"That the Internal Revenue Service of the United States is of the opinion that the said Arkansas Burial Society, Inc., is or may be liable for income taxes for said years, and that to determine the question of said liability it is necessary that W. G. Stiles, the president of the society, give testimony before certain agents of the Internal Revenue Service, and that he produce certain books, papers and records of said Society to the end that the tax liability, if any, of said Society may be ascertained."

The petition further discloses that on June 27, 1944, the agent of the Internal Revenue Service of the petitioner had issued an administrative subpoena which had been served upon the respondent, Stiles, commanding him to appear before the agent in Room 205 of the Federal Building in the city of Fort Smith, Arkansas, on June 28, 1944, at 10 o'clock A. M. to give testimony concerning the tax liability of said society and further commanding him to produce certain books and papers of the Society. The requested books and papers are enumerated in the petition.

That upon the service of the subpoena the respondent, Stiles, advised the agent of the revenue service that he had no intention of obeying any such administrative subpoena and that he had no intention whatsoever of permitting the agent or any other agent or employee of the Internal Revenue Service of the petitioner to inspect or examine the books and papers of the Society.

Upon the filing of the petition the court ordered that a subpoena duces tecum be issued and that a copy of the petition, together with the subpoena be served upon the respondent, W. G. Stiles.

On July 8, 1944, two days prior to the date fixed by the order of the court for the appearance of respondent, Stiles, and for the production of the books and papers of the respondent, Society, both respondents filed their response to the petition and a motion to quash the order issued thereon.

On August 23, 1944, the petitioner filed a motion to strike the respondents' response and motion to quash.

On September 6, 1944, the respondents filed an amended response and answer to the original petition in which they admitted that the respondent, Arkansas Burial Society, Inc., is a benevolent association or corporation organized under the laws of Arkansas, with its principal place of business at Fort Smith, Arkansas, "admit that said association has been engaged in business for the years 1934–43, both inclusive, and that it has paid no income tax to the United States and filed no tax return for any of said years."

They admitted Arthur L. McNew, as agent of the Internal Revenue Service of the United States on June 27, 1944, issued a subpoena directed to respondent, Stiles, commanding him to appear at the time and place alleged by petitioner to give testimony concerning the tax liability of the respondent, Society, and produce certain books and papers of said society as alleged in the petition; that the said respondent, Stiles, refused to obey said subpoena "for the reason that said society is exempt from taxation, and the action of the said McNew was wholly unnecessary and unauthorized, and that said respondents were not required to submit to such examination."

The respondents further alleged that the Arkansas Burial Society, Inc., is a local benevolent corporation organized under Section 2252 et seq., Pope's Digest of the Statutes of Arkansas, providing for the incorporation of benevolent associations; that since its organization the society has continuously engaged and is now engaged in business as such benevolent association; that it has no capital stock and operates solely and exclusively as a non-profit association for the mutual benefit and protection of its members; that its purpose and design is to accumulate a fund from the contributions of its members, for beneficial and protective purposes, which said fund is used for their aid and relief in the event of death of such members or their families and to provide for them a decent burial and the observance of necessary funeral obsequies; that the amount of dues paid by the individual members is determined by scientific actuarial study in order that the lowest feasible rate for members may be charged which at the same time will maintain said society as a solvent association without profit; that the respondent is under the supervision of the State Banking Department of the State of Arkansas, which has promulgated certain rules and regulations governing the expenditure by the society of the dues so collected, and requiring the society to retain 5 per centum of all dues paid by members each year for the purpose of establishing a reserve fund for use in paying losses occurring from an increased death rate caused by plagues, epidemics or other disasters; that the said fund is not income subject to taxation, but is a necessary allocation of its funds to secure its solvency and the prompt payment of its obligations to all members; that 75 per centum of the dues of said society is used for the purpose of establishing a mortuary fund available at all times for the payment of losses and liabilities of the society, which fund

is used for that purpose, but is not always sufficient to pay the losses sustained by said society and when the mortuary fund is exhausted, recourse is then had to the reserve fund to the end that all losses are paid promptly; that the society is of like character to benevolent life insurance associations of a purely local character and that 85 per centum or more of its income consists of amounts collected from members for the sole purpose of meeting losses and expenses; that the society is exempt from taxation under Section 101(10) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 101(10).

The respondents further alleged:

"That it is not necessary for said society to make or file income tax returns for the reason that it is exempt from taxation, and that the proposed examination and production and examination of its books, records and other papers is wholly unnecessary and is not warranted or justified by law."

On September 7, 1944, the petitioner filed its motion to strike the amended response and answer.

The motion to strike raises the legal sufficiency of the amended answer and response, and in determining the question the court is required to accept as true for the purposes of the motion the allegations of material facts set forth in the answer and response.

The respondents contend that under the facts as alleged that the respondent, Society, is exempt from taxation by virtue of the provisions of Section 101(10) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 101(10). That section in so far as material here reads:

"The following organizations shall be exempt from taxation under this chapter— * * *

"(10) Benevolent life insurance associations of a purely local character, mutual ditch or irrigation companies, mutual or co-operative telephone companies, or like organizations; but only if 85 per centum or more of the income consists of amounts collected from members for the sole purpose of meeting losses and expenses."

The petitioner contends that the inspection of the books and papers of the society and examination of respondent, Stiles, are preliminary inquiries which the Commissioner of Internal Revenue has a right to make as necessary prerequisites to his making an assessment of income taxes for the years involved herein, and that the commissioner has a right to make the investigation irrespective of the ultimate liability of the respondent, Society, to income taxation.

The respondents on their written brief do not specifically contend that the court has jurisdiction in this proceeding to adjudicate the tax liability of the respondent society, but contend that since the society is exempted from the income tax liability that the proposed investigation and examination are unnecessary and burdensome. In effect, the respondents contend that the respondent, Society, is not a taxpayer under the law, and that it did not make a return because it is not liable for income tax, and since it is not liable for income tax the investigation and examination of its books are unnecessary and not authorized by law. They admit that taxpayers are required to make returns and that under the statute, 26 U.S.C.A. Int.Rev. Code, § 3614, the Commissioner of Internal Revenue is authorized to examine books, papers and witnesses for the purpose of ascertaining the correctness of the return of the taxpayer or for the purpose of making a return for such taxpayer when none has been made, but that the statute, Section 3614, supra, is not applicable because the respondent, Society, is exempt.

The mere fact that the respondents allege that the Society is exempt from taxation; that it is not a taxpayer and not required to make and file a return does not in law make it exempt. In the construction of a statute laying a tax, doubts should be resolved most strongly against the government, but in the construction of a statute granting exemptions a strict construction in favor of the government should be made. The taxing power is of vital importance to the very existence of the government and exemptions should never be presumed or allowed unless they are provided by clear and unambiguous terms of the statute. Yazoo & Mississippi Valley Railroad Co. v. Thomas, 132 U.S. 174, 10 S.Ct. 68, 33 L.Ed. 302.

No tax has been assessed against the Society. It may be that it is not liable for any tax and the proposed investigation might reveal facts which would make a return unnecessary, but that question cannot be determined by the Society. The Commissioner of Internal Revenues has a

right to make a return and assess a tax on such return. 26 U.S.C.A. Int.Rev.Code, § 3612. And no suit for the purpose of restraining the assessment or collection of the tax can be maintained. 26 U.S.C.A. Int.Rev.Code, § 3653. The Declaratory Judgment Act does not apply to questions involving federal taxes. 28 U.S.C.A. § 400.

In Graham v. Du Pont, 262 U.S. 234-255, 43 S.Ct. 567, 569, 67 L.Ed. 965, Mr. Chief Justice Taft said:

"The system prescribed by the United States in regard to both customs duties and internal revenue taxes, of stringent measures not judicial, to collect them, with appeals to specified tribunals and suits to recover back moneys illegally exacted, was a system of corrective justice intended to be complete, and enacted under the right belonging to the government to prescribe the conditions on which it would subject itself to the judgment of the courts in the collection of its revenues."

■ The commissioner is not proceeding in any arbitrary manner but is seeking information in the manner prescribed by law to determine whether the Society is liable for a tax in his opinion. If that official determines there is a liability an assessment would be made and the Society would be required to pay the tax and then the courts would be open to the society to test the legality of the assessment and levy in a suit to recover the tax. See Huston v. Iowa Soap Co., 8 Cir., 85 F.2d 649, 108 A.L.R. 173; Kaus v. Huston, 8 Cir., 120 F.2d 183.

If the society is in law exempt from taxation, no return is required and the examination of its officers and books and records would be unnecessary, but the court does not believe it would be oppressive or unreasonable to require the society to submit to such examination since it is evident that the Internal Revenue Service thinks the society is liable for taxes. The Internal Revenue Service is charged with the duty of collecting taxes from those liable therefor and how can it determine the liability of an organization other than by examination in the manner provided by law? If the right to make such examination is denied on the mere claims that the society is exempt from taxation, the court would in effect open the door to similar claims from every person or organization and would be taking from the Commissioner of Internal Reve-

nue the duty of ascertaining whether a tax is due in his opinion. If the examination is made, followed by an assessment of a tax, the society may pay the assessment and then in a suit to recover the payment the court will determine the question of liability.

The respondents rely upon the case of Martin, Internal Revenue Agent, v. Chandis Securities Co., et al., 9 Cir., 128 F.2d 731, 734 and 26 U.S.C.A. Int.Rev.Code, § 3631, to sustain their contentions herein.

The statute only provides that a taxpayer shall not be subjected to unnecessary examinations or investigations and that only one inspection shall be made for each taxable year, unless the taxpayer requests otherwise or the commissioner, after investigation notifies the taxpayer in writing that an additional inspection is necessary. It will be remembered that here no examination or investigation has been made at any time for any year of the books and records of the respondent, Society.

In the Chandis Securities Company case, supra, there had been one investigation of the books and records and a return for the year 1930, the one sought to be reinvestigated, had been made; and the time for further assessment and collection of taxes for the year 1930, had expired prior to the filing of the petition by the government asking that the books and records be produced. The petition contained no allegation other than that the return for 1930 of Marian Otis Chandler, the wife of Mr. Chandler who had organized and directed the operations of the Chandis Securities Company was under investigation. The court in its opinion said: "Since collection of taxes for 1930 could not be had without assessment, and since assessment had long since been barred by the statute of limitations (Revenue Act of 1928, § 275, 45 Stat. 791, 26 U.S.C.A. Int.Rev.Acts, page 429), the complaint wholly failed to state any claim for relief because it failed to state any facts showing that the proposed investigation was not 'unnecessary' as provided in Int.Rev.Code. § 3631 [26 U.S.C.A. Int.Rev.Code]. The order should not, therefore, have been made."

Here the requested investigation and examination of the books and records is not unnecessary if the Commissioner of Internal Revenue is to be permitted to do his duty in an orderly manner. If the society is subject to taxation, assessment is not barred by limitations. The govern-

ment is merely seeking information and it is not unreasonable to allow it to obtain all available information relative to the financial operations of the society and its 80,000 members to whom it alleges a liability of $1,600,000. See, Zimmerman et al., v. Wilson, Internal Revenue Agent, et al., 3 Cir., 105 F.2d 583.

The court has jurisdiction of the controversy under Section 3633 of Title 26 U.S.C.A. Int.Rev.Code, and the order directing that respondent, W. G. Stiles, as president of the respondent, Society, appear before the agent of the Internal Revenue Service and testify and produce the designated records of the Society was properly issued. The motion of the petitioner, United States of America, to strike the amended response and answer of respondents should be granted and an order in accordance herewith is being entered today. The exception of respondents will be noted in the order.