**S. O. BYNUM, Plaintiff,**

v.

**A. J. O'DONNELL, Jr., as District Director of Internal Revenue, et al., Defendants.**

**Civ. A. No. 65-248.**

United States District Court
N. D. Alabama, S. D.
May 10, 1965.

S. Palmer Keith, Jr., Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., and E. Ray Acton, Asst. U. S. Atty., U. S. Department of Justice, Birmingham, Ala., for defendants.

GROOMS, District Judge.

The plaintiff herein filed a bill for a temporary and permanent injunction against the defendant A. J. O'Donnell, Jr., as District Director of Internal Revenue, from proceeding to collect monies in the possession of the defendant Pittman Construction Company. Averments are made with respect to invalidity of the levies and also that all monies to be received by the plaintiff from Pittman Construction Company are owed to creditors, and the loss of the tax by the plaintiff sought to be collected would financially ruin him.

An assessment was made against the plaintiff on July 31, 1952, for $447.46. A further assessment was made on August 22, 1958, for $4,969.48. An additional assessment of $221.19 was made on July 5, 1960. As to the first two assessments, a levy dated January 9, 1959, was served on the Pittman Construction Company on January 21, 1959, and as to the last mentioned assessment the levy was served on August 6, 1960. These levies in each instance were served on the attorney for the Pittman Construction Company. Notice of lien on the first assessment was filed in the office of the Probate Judge of Tuscaloosa County, Alabama, on January 3, 1953, and on the other assessments on August 22, 1958.

■■■ The plaintiff contends that the assessments were void in view of the fact that they were served on the attorney and that, consequently, the six-year statute of limitations of Section 6502 (26 U.S.C.A. § 6502) is applicable. He also asserts that the liens should have been filed in Louisiana under Section 6323 (26 U.S.C.A. § 6323). A review, however, of Section 6323 reveals that to be valid as against mortgagees, pledgees, purchasers or judgment creditors, until notice thereof, the same must be filed in the office of the Clerk of the United States District Court for the judicial district in which the property subject to the lien is situated. Plaintiff does not fall within the scope of Section 6323.

It appears from the cases that the allegation and showing that the statute of limitations has run is insufficient to bring the action for an injunction within an exception to the prohibition of Section 7421(a) (26 U.S.C.A. § 7421(a)) which prohibits suits for the purpose of restraining the assessment or collection of any tax in any court. Graham v. DuPont, 262 U.S. 234, at 255, 43 S.Ct. 567, 67 L.Ed. 965; Corbett v. Frank, 9 Cir., 293 F.2d 501; and Cooper Agency, Inc. v. McLeod (E.D.S.C.), 235 F.Supp. 276.

■■ The plaintiff testified that if the taxes are paid and deducted from the sum due from Pittman he will have remaining the sum of $20,700.00, that he owes $24,385.00 and that, consequently, he will be rendered insolvent. Assuming the illegality of the assessment and

levies, this is not such a special and extraordinary circumstance as to entitle plaintiff to injunctive relief. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S. Ct. 1125, 8 L.Ed.2d 292; and Mensik v. Long, 7 Cir., 261 F.2d 45.

The Court is, therefore, of the opinion, and so holds, that the taxpayer has failed to show that under no circumstances could the Government ultimately prevail and that as a result of the imposition of the tax both special and extraordinary circumstances exist. The Court is, therefore, of the opinion that the defendants' motion to dismiss the complaint, as this day amended, is due to be granted and the temporary restraining order dissolved, and an order will be entered so adjudicating.