Willie W. **HEIDELBERG**, Willie West and
Katie M. Heidelberg, Appellants,

v.

J. G. **MARTIN**, Jr., Director of Internal
Revenue, Appellee.

No. 24986.

United States Court of Appeals
Fifth Circuit.

May 28, 1968.

DeQuincy v. Sutton, Meridian, Miss., for appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, David O. Walter, Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., L. K. Travis, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The appellants filed two complaints in the district court seeking to restrain alleged abuse of administrative power by the appellee District Director of Internal Revenue and asking general equitable relief. They assert that they timely filed their federal income tax returns for 1954, 1955 and 1956, that in 1966 the Director sent notices of deficiency for those years assessing fraud penalties under 26 U.S.C.A. § 6653(b), that assessment and collection of the taxes alleged to be due are barred by the statute of limitations, and that the notices of deficiency are illegal.

We affirm the district cour"ᵗ dismissal of the complaints.

Section 7421(a) of title 26, U.S.C.A., prohibits suits to restrain assessment and collection of taxes. Appellants rely on the exception that collection may be enjoined if equity jurisdiction otherwise exists and if it is clear that under no circumstances could the government ultimately prevail. See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The assertion by appellants that the assessments are barred by the statute of limitations does not establish that under no circumstances can the government succeed or that the assessment is merely an exaction in the guise of a tax. Whether there was such fraud as would toll the statute of limitations is a factual matter to be determined in appropriate statutory proceedings and not in a court of equity; the assertion of the statute as a bar does not constitute grounds for injunctive relief. Graham v. du Pont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965 (1923); McDonald v. Phinney, 285 F.2d 121 (5th Cir. 1961); United States v. Curd, 257 F.2d 347 (5th Cir.), cert. denied, 358 U.S. 920, 79 S.Ct. 290, 3 L.Ed.2d 239 (1958). See generally 9 Mertens, Fed-

eral Income Taxation § 49.210 (rev.ed. 1965).

The contentions of appellants that they are entitled to an injunction by reason of the Administrative Procedure Act, 5 U.S.C.A. §§ 701–706, and the Mandamus and Venue Act, 28 U.S.C.A. § 1361, are likewise without merit.

Affirmed.