## NEW YORK & ALBANY LIGHTERAGE CO. v. BOWERS, Internal Revenue Collector.

(District Court, S. D. New York. February 13, 1925.)

**Internal revenue ⬤⇒28—Distraint is a "proceeding," within statute limiting time for beginning suit or proceeding for collection of taxes.**

Under Revenue Act 1921, § 250 (d) being Comp. St. Ann. Supp. 1923, § 6336⅛tt, providing that taxes due under any return made under prior acts shall be determined and assessed within five years after the return was filed, and that "no suit or proceeding for the collection of any such taxes * * * shall be begun after the expiration of five years after the date when such return was filed," distraint for collection of a tax is a "proceeding" within the meaning of the statute, and the government cannot proceed by distraint for its collection after the expiration of the five years, though the assessment was made within that time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeding.]

At Law. Action by the New York & Albany Lighterage Company against Frank K. Bowers, individually and as Collector of Internal Revenue. Judgment for plaintiff.

Winifred Sullivan, of New York City, for plaintiff.

William Hayward, U. S. Atty., and Thomas J. Crawford, Asst. U. S. Atty., both of New York City, for defendant.

AUGUSTUS N. HAND, District Judge. This is an action to recover income and excess profits taxes for the year 1917, collected by distraint. The return was filed by the plaintiff with the collector of internal revenue on March 26, 1918, and at the time of such filing $1,515.92 taxes were paid, "which plaintiff believed to be the entire amount for which it was liable for income and excess profits tax for the year 1917." On or about March 18, 1923, plaintiff received from the defendant, as collector of internal revenue, a bill and demand for payment of an additional assessment of $1,180.62, claimed to be due from plaintiff for income and excess profits taxes, which plaintiff refused to pay on the ground that such additional assessment and collection were barred by the provisions of section 250 of the United States Internal Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛tt). In October and November, 1923, the defendant filed notices of lien and collected the taxes through warrants of distress. This case comes up on a motion by the plaintiff for judgment against the defendant on the first cause of action in the complaint, which is to recover taxes paid under duress.

Section 250 (d) of the Revenue Act of 1921 provides as follows:

"Sec. 250. * * * (d) The amount of income, excess profits, or war profits taxes due under any return made under this act for the taxable year 1921 or succeeding taxable years shall be determined and assessed by the Commissioner within four years after the return was filed, and the amount of any such taxes due under any return made under this act, for prior taxable years or under prior income, excess profits, or war profits tax acts, or under section 38 of the act entitled 'an act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes due under this act or under prior income, excess profits, or war profits tax acts, or of any taxes due under section 38 of such Act of August 5, 1909, shall be begun, after the expiration of five years after the date when such return was filed, but this shall not affect suits or proceedings begun at the time of the passage of this act. * * * *"

In the present case the assessment was within five years from the date when the return was filed, and the proceedings by distraint were after that time. The government contends (1) that the assessment itself was a proceeding for the collection of the tax, which was taken within the five years period; (2) that, if this is not so, the five-year statute of limitations should not be taken to relate to anything but a court "proceeding." If either contention be upheld, the right to collect the taxes was not barred when they were received by the defendant through warrants of distress.

The arguments made by the government here were urged by it before the Circuit Court of Appeals of this Circuit in Seaman v. Bowers, 297 F. 371. The opinion of the court in that case construed the word "proceeding" as embracing distraints. It is argued that such a holding was obiter dictum. It is true that the court denied the injunctive relief sought by the taxpayer by reason of the provisions of section 3224 of the Revised Statutes (Comp. St. § 5947), as construed by the Supreme Court in Graham v. Du Pont, 262 U. S. 254, 43 S. Ct. 567, 67 L. Ed.

965. But there was a careful brief submitted by the government to show that the five-year limitation did not apply to warrants of distress under circumstances where the taxpayer was contending that the right to collect his tax was barred, and that, if he paid it, he had no way of recovering it back under the statutes then applicable. In answer to these various contentions, the Circuit Court of Appeals gave its reasons for holding that the government was wrong in its contention that the five-year limitation did not apply to warrants of distress, and that the taxpayer was equally wrong in his supposition that his right to sue for recovery of taxes paid under duress would be barred by existing statutes.

It seems a rather forced view to regard as mere obiter dictum the opinion of the Court of Appeals that, in the absence of fraud on the part of the taxpayer, proceedings for the collection of taxes, whether by suit or distraint, must be begun within five years after the date when the return was filed. The taxpayer rested his whole prayer for an injunction upon the ground that the right of the government to collect the tax was outlawed, that his right to recover back the tax, if he should pay it, would be barred, and that he was therefore asserting his only remedy. If the government's contention that distraints were not affected by the five-year statute had been sound, this would have been quite as complete an answer to the taxpayer's suit as were the provisions of section 3224 of the Revised Statutes that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court," because, irrespective of this important regulation of procedure, there would have been no foundation whatever for the claim.

As an original question the position the government takes is not without some force. Not only is "proceeding" associated in the same clause with the word "suit," but in the report of the committee on finance in the Senate relating to section 250 (d) of the bill, which afterwards became the Revenue Act of 1921, it is said that "section 1320 of this bill prevents the bringing of any suit or proceeding by the government in any court for the collection of internal revenue taxes after the expiration of five years from the time such tax was due except in the case of fraud. * * * Subdivision (d) of section 250 contains limitations with respect to income and profits taxes similar to those contained in section 1320."

This language indicates that the Senate committee who reported on the bill thought that proceeding meant a judicial proceeding, and their opinion, while not controlling, is relevant and important. U. S. v. St. Paul, M. & M. Ry. Co., 247 U. S. at page 318, 38 S. Ct. 525, 62 L. Ed. 1130.

Moreover, five years are given by the act within which to make the assessment. Under section 3187 of the Revised Statutes (Comp. St. § 5909) the taxpayer is given ten days after notice and demand by the collector within which to pay the tax before a warrant of distress can issue. It is argued by the government that, if the five-year limitation of section 250 (d) of the Revenue Act applies to proceedings by distraint, it in effect cuts down the period within which assessments may be made in all cases where collection by distraint is proposed. This is true enough, but it is not a bad answer to say that, if the department chooses to wait until the last ten days of the five-year period before making its assessment, there can be no great hardship, if it be found necessary for it to proceed against the taxpayer by an action at law rather than by a warrant of distress.

I think that, irrespective of the original merits, if any, of the arguments presented by the government as to the meaning of the word "proceeding," I should follow the opinion of the Circuit Court of Appeals in Seaman v. Bowers, supra, and I accordingly grant the motion of the plaintiff for judgment.