**4**

**CITIZENS' SAVINGS BANK & TRUST COMPANY OF HAMILTON, OHIO, et al., Appellants, v. ST. PAUL TRUST & SAVINGS BANK, etc., as Trustee, et al., Appellees.**

(Circuit Court of Appeals, Fifth Circuit.
February 23, 1926.)

No. 4589.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

B. S. Oppenheimer, of Cincinnati, Ohio, and John C. Cooper, John C. Cooper, Jr.,

and H. P. Osborne, all of Jacksonville, Fla. (Harmon, Colston, Goldsmith & Hoadly, of Cincinnati, Ohio, and Cooper, Knight, Adair, Cooper & Osborne, of Jacksonville, Fla., on the brief), for appellants.

Giles J. Patterson, of Jacksonville, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit brought by appellee, the St. Paul Trust & Savings Bank, formerly the Van Sant Trust Company, as trustee, and Grant Van Sant, as individual trustee, under an indenture to secure an issue of bonds, aggregating $175,000 and resting on certain real estate in Clay county, Fla., owned by the Walkill Stock Farms Company, to set aside a subsequent issue of bonds involving the same property.

After the first bond issue the Legislature of Florida adopted an act, section 37 of chapter 8008 of 1919, providing for the organization of stump and land clearing districts, and the land covered by the above-mentioned mortgage was incorporated into such a district. Thereafter the said district issued bonds in the sum of $300,000.

Appellants, the Citizens' Savings Bank, of Hamilton, Ohio, the First National Bank, of Hamilton, Ohio, and the Citizens' National Bank, of Lebanon, Ohio, are holders of some of the bonds and were made parties defendant in the bill. Other defendants, including the tax collector of the county and the supervisors of the district, have not appealed.

The bill is voluminous. It attacks the constitutionality of the Florida law under which the district was created, attacks the good faith of the owners of the property, sets up the illegality of the procedure by which the district was organized and the taxes levied to liquidate the bonds, and challenges the validity of the bonds held by appellants.

It is unnecessary to more fully set out or analyze the bill, as the well-considered and learned opinion of Hon. Henry D. Clayton, District Judge, rendered on the hearing of a motion to dismiss the bill for want of equity, fully discusses the facts alleged and the law applicable to the case. See St. Paul Trust & Savings Bank v. American Clearing Company (D. C.) 291 F. 212.

On the hearing on the merits the allegations of the bill were fully substantiated. We are content to rest our decision on the authority of Judge Clayton's opinion above noted.

As no error appears in the record, the judgment appealed from is affirmed.