## CITIZENS' BANK OF LAFOURCHE v. MILLER–LINK LUMBER CO.

(District Court, E. D. Texas, Beaumont Division.)

No. 223.

Internal revenue ⬤⇨28(2)—Claim for additional income, excess profits, and war profits taxes held barred by limitation (Revenue Act 1921, § 250(d) [Comp. St. § 6336⅛tt (d)]).

A claim for additional taxes, filed in a receivership suit in a court having possession of all the assets of the insolvent taxpayer for distribution, more than five years after return was filed, *held* barred by Revenue Act 1921, § 250(d) (Comp. St. § 6336⅛tt[d]).

In Equity. Suit by the Citizens' Bank of Lafourche against the Miller-Link Lumber Company. On intervention of the United States for collection of income, excess profits, and war profits taxes due from the Orange Maritime Corporation from receivers. Claim denied.

S. D. Bennett, of Beaumont, Tex., Asst. U. S. Atty., for the United States.

Baker, Botts, Parker & Garwood, of Houston, Tex., for receivers of Miller–Link Lumber Co.

ESTES, District Judge. I quote from the brief of the receivers the following statement, which appears to be uncontroverted, with respect to the facts involved:

"On April 12, 1918, the Orange Maritime Corporation filed with the federal internal revenue collector of this district its income tax and excess profits tax returns for the year 1917. In its income tax return it listed among items deductible from its gross income the following:

| | |
|---|---|
| Donations and subscriptions | $585.95 |
| Subscribed by employés to Red Cross | 11.00 |

"The government disallowed these deductions and increased its net income by those amounts.

"In the excess profits tax return the amount of the tax depended upon the amount of invested capital. In its return the corporation set out its invested capital as follows:

| | |
|---|---|
| Capital, surplus, and undivided profits at the close of the preceding year | $20,000.00 |
| Adjustment by way of additions | 23,207.42 |
| Total invested capital | $43,207.42 |

"The return disclosed, however, the $23,207.42 was arrived at as follows: 'On March 29, 1917, we derived from the sale of a vessel built by us $84,000, which vessel cost $55,056.77, and the profit thus derived being a realization of earnings or profit for the following taxable year remained in the business for nine-twelfths of the taxable year, being equivalent to nine-twelfths of $30,943.23, or $23,207.42, additional invested capital for the taxable year 1917.'

"The government disallowed this on the ground that, since the $30,943.23 was undivided profits earned during the taxable year 1917, same could not be included as invested capital under the Act of October 3, 1917, § 207(a) (3), being Comp. St. § 6336⅜h. It therefore disallowed this additional capital and increased the excess profits tax. The total increase in income tax and excess profits tax was $2,815.07.

"In January, 1922, the Orange Maritime Corporation owed the Miller-Link Lumber Company over $314,000. At that time also it owed the First National Bank of Orange, Joe Miller, and George E. Holland certain amounts. In January, 1922, the Orange Maritime Corporation transferred all of its assets to the receivers of the Miller-Link Lumber Company, which assets consisted practically entirely of unliquidated claims upon fire insurance policies. Under the contract which has been introduced in evidence, the claims of the First National Bank, Joe Miller, and Mr. Holland were to be paid first, and the receivers were to hold the balance of the assets received by them ratably for itself and all other creditors. At that time no other claims were known to the parties. After the above three claims were paid, the receivers realized approximately $119,000.

"It was agreed by the parties on the trial of this case that at the time the contract was made, in January, 1922, the Orange Maritime Corporation was insolvent, and has been insolvent ever since, and that the receivership of the Miller-Link Lumber Company is insolvent, and has been insolvent ever since that time.

"In December, 1922, the government sent a notice to the Orange Maritime Corporation

that it intended to disallow the deductions above pointed out and increase the taxes. The receivers on December 29, 1922, wrote to the government that they were unfamiliar with the affairs of the Orange Maritime Corporation, and asked for an extension of 90 days from January 13, 1923, within which to examine the books of the corporation to determine the correctness of the taxes. On January 24 the government wrote that the extension would be granted provided a waiver that was inclosed with the letter was executed. This waiver was not executed, however, and the nature of the waiver is not known, as no waiver or further correspondence concerning it is in evidence.

"The first action taken by the government in this intervention or proceeding to collect the taxes was on July 5, 1923, when the collector filed a proof of claim in this court, claiming additional taxes of $2,815.07, 5 per cent. penalty of $140.07, and interest at the rate of 1 per cent. per month from March 27, 1923."

A distraint warrant was issued on a date that is uncertain, but for the purposes of this case it is conceded that it was prior to April 12, 1923. The receivers make the proposition, among others, that this intervention is barred by the five-year statute of limitation, same not having been begun until July 5, 1923, more than five years after the return that was filed on April 12, 1918.

The contention of the government in reply is that this intervention, which consists of filing a proof of its claim and a request for its allowance as a claim with priority, is not a suit or proceeding within the meaning of those words as used in the statute—that "judicial proceedings" only are referred to.

Section 250 (d) of the Revenue Act of 1921, under the provisions of which this issue is to be determined, provides:

"No suit or proceeding for the collection of any such taxes due under this act or under prior income, excess-profits, or war profits tax acts, * * * shall be begun, after the expiration of five years after the date when such return was filed." Comp. St. § 6336⅛tt(d).

The claim filed here is against the receivers of the Miller-Link Lumber Company. The assets of that concern being administered by this court, interventions or claims filed in the manner in which this one was presented constitute the only method by which, under the circumstances, they may be allowed or paid, as against the Miller-Link Lumber Company. It is immaterial by what term the proceeding is designated. In its last analysis, the effort here is to obtain an order from this court that the claim be allowed and in the marshaling of assets, that the receivers be directed to pay it in preference to other claims. It is necessarily a "proceeding in court," and is the only procedure, it seems to me, that could be followed to accomplish the results desired.

The language of the statute strikes me as being within itself conclusive of the question involved. The law that creates the right to collect the taxes, by its terms, provides that no suit or proceeding for the collection of them shall be begun after the expiration of five years after the date when the return was filed. The claim becomes to all intents and purposes extinguished after that time. It is the policy of the government that claims after that lapse of time shall be uncollectible in court. This construction, as far as I have been cited to cases and my own investigation extends, has been sustained by all the courts to which the question has been presented. Du Pont v. Graham (D. C.) 283 F. 300; Seaman v. Bowers (C. C. A.) 297 F. 371; New York & Albany Lighterage Co. v. Bowers (D. C.) 4 F.(2d) 604.

There being no question of false or fraudulent rendition, and it being uncontroverted that the intervention was filed more than five years after the return was filed, I think the claim should be denied. It is so ordered.