**SUGARLAND INDUSTRIES v. BASS, Collector Internal Revenue.**

District Court, W. D. Texas, Austin Division. November 12, 1929.

No. 1157.

Baker, Botts, Parker & Garwood and Palmer Hutcheson, all of Houston, Tex., for plaintiff.

John D. Hartman, U. S. Dist. Atty., of San Antonio, Tex., for defendant.

WEST, District Judge. Plaintiff sues for refund, as illegally collected, of certain income taxes, $80,099.96 in amount, paid April 29, 1924, together with interest at 6 per cent. per annum from date of payment. The principal sum was paid by the Imperial Sugar Company, whose assets and liabilities were afterwards assumed by plaintiff, the Sugarland Industries, which sues as its successor.

The case was tried before the court upon stipulation of facts and upon written waiver of jury.

The following is a statement of some of the controlling facts: The Imperial Company, plaintiff's predecessor, filed its corporate income tax return for the year 1917 on June 30, 1918. The Imperial Company, in October, 1918, with three other affiliated corporations, filed an amended excess profits tax return for the year 1917. On February 19, 1921, the Tax Bureau notified the Imperial Company of an additional tax assessment for the year 1917 of $117,078.72, demand for payment being made in June, 1921. And on July 8, 1921, the Imperial Company filed claim for abatement of the additional assessment, which remained under consideration until March, 1924, when $29,709.14 was abated.

On April 29, 1924, the Imperial Company paid the principal sum of $87,369.53, together with interest payment of $14,852.73 on the same date. The Imperial Company thereafter continued to urge its claims for refund, which resulted, on May 16, 1927, in a further allowance, leaving a claimed balance due of $80,099.96.

On April 26, 1928, the plaintiff, successor to the Imperial Company, filed its claim, being within the limitation period fixed for filing such claims, for refund of this amount, because the tax had been collected *after* the right of collection had expired by limitation. On September 14, 1928, the claim for refund was rejected. The Imperial Company, on January 27, 1921, filed an unlimited waiver of the statute of limitations. The Commissioner of Internal Revenue, on April 11, 1923, by official ruling, terminated all such waivers on April 1, 1924.

Plaintiff's claim for refund was rejected by the Tax Board on the ground that the Imperial Company's application for abatement of the additional assessment had brought about a stay of the collection of the tax, as provided in section 611 of the Revenue Act, May 29, 1928 (26 USCA § 2611), so that the payment made therefor was not an overpayment within the meaning of section 607 of the same act (26 USCA § 2607), and consequently lawfully collected. Plaintiff's suit was filed November 10, 1928.

Section 250(d) of the Revenue Act of November 23, 1921 (42 Stat. 265), provides that income taxes imposed by prior acts are barred from collection by "suit or proceeding" five years after the date of filing of return. Here the return for the year 1917 was filed June 30, 1918. The additional tax was

assessed February, 1921, and paid April 29, 1924, more than five years after the return. The Circuit Court of Appeals, Second Circuit, in Seaman v. Bowers, 297 F. 371 (March 17, 1924), held that the collector's executive action in enforcing payment by "distraint" instituted after the five years was within the terms "suit or proceeding" of the act, but denied the right of relief by injunction, following Graham v. Du Pont, 262 U. S. 254, 43 S. Ct. 567, 67 L. Ed. 965.

New York & Lighterage Co. v. Bowers, Collector, District Court Southern District New York, 4 F.(2d) 604, Augustus H. Hand, District Judge, was an action at law to recover of the collector income and profits taxes for the year 1917, collected by distraint. Held, that collection of the tax could not be enforced by distraint after the five-year period ensued, though assessment had been made within that time. Judgment was rendered for plaintiff on the authority of Seaman v. Bowers, supra.

No. 179, Bowers, Collector, v. New York & Albany Lighterage Co., 206, Bowers, Collector, v. Lloyd W. Seaman, 215, Bowers, Collector, v. Thomas Staples Fuller, appear on the error docket of the Circuit Court of Appeals, Second Circuit, February 1, 1926, 10 F.(2d) 1017. The case in the lower court is Lighterage Co. v. Bowers, supra. The per curiam opinion is as follows: "The above cases are affirmed, on the authority of Seaman v. Bowers (C. C. A.) 297 F. 371."

The Supreme Court granted certiorari (271 U. S. 658, 46 S. Ct. 634, 70 L. Ed. 1136) to judgments of the Circuit Court of Appeals affirming judgments rendered against the collector in the three District Court cases mentioned. These cases were separately numbered and docketed in the Supreme Court, but considered and decided in a single opinion on February 21, 1927, appearing in 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, styled Bowers, Individually and as Collector, No. 366, v. New York & Albany Lighterage Co.; No. 367, v. Seaman; No. 368, v. Fuller.

The opinion gives the controlling facts. The following facts appear in each: Returns of income and excess profits taxes were filed, respectively: A. (1) In 1918 for 1917 tax, (2) in 1917 for 1916 tax, and (3) in 1917 for 1916 tax. B. The taxes were paid. C. Subsequently an additional tax was assessed, and collection was enforced by distraint more than five years after the filing of returns.

The court holds that "the provision of § 250–d of the Revenue Act of 1921 that no 'suit or proceeding' for the collection of the income, excess profits and other taxes mentioned, due under that or prior Acts, shall be begun after five years from date when return was filed, applies not only to suits in court but also to 'proceedings' to collect such taxes by distraint." Syllabus, page 346 of 273 U. S., 47 S. Ct. 389, 71 L. Ed. 676. The court decides that the facts in the three cases under consideration are within the provisions of section 250(d) of the Revenue Act of 1921; that the taxes paid were barred of collection, and taxpayers entitled to refund because assessments were paid more than five years after the initial returns were filed.

The facts in the case here exactly parallel those upon which the Supreme Court rendered its opinion in the Bowers Cases. Applying the statute and the decision to the facts here, it appears that, the collector having demanded and received payment of the taxes on April 29, 1924, more than five years after the filing of the return on June 30, 1918, an illegal collection was made. Refund should be required, unless the effect of the 1921 statute and the ruling of the Supreme Court is avoided by defenses interposed.

The defendant contends that sections 611 and 607 of the Revenue Act of 1928 (26 US CA §§ 2611, 2607) clears him from liability. Section 607 standing alone is a reaffirmance of the applicable portion of section 250 (d), Act 1921, supra, in that it provides that any tax assessed or paid before or after its (1928) enactment, after the expiration of the applicable limitation period, constitutes an overpayment, and must be refunded. This section, in precise words, also declares that the payments so made are overpayments and to be refunded, if claimed within the applicable period of limitation, unless the right accorded is negatived by the other section.

Section 611 of the Revenue Act of May 29, 1928 (45 Stat. 875, 26 USCA § 2611), reads:

"Sec. 611. *Collections Stayed by Claim in Abatement.*

"If any internal-revenue tax (or any interest, penalty, additional amount, or addition to such tax) was, within the period of limitation properly applicable thereto, assessed prior to June 2, 1924, and if a claim in abatement was filed, with or without bond, and if the collection of any part thereof was stayed, then the payment of such part (made before or within one year after the enactment of this Act) shall not be considered as an overpayment under the provisions of section 607, relating to payments made after the expiration of the period of limitation on assessment and collection."

The stipulated facts show (1) that an ad-

ditional amount to the tax was within the period of limitation properly applicable thereto, assessed (June 21, 1921) prior to June 2, 1924; (2) that a claim in abatement was filed July 8, 1921; (3) *"and if the collection of any part thereof was stayed,* then the payment of such part (made before or within one year after the enactment of this [1928] Act) shall not be considered as an overpayment under" section 607 (26 USCA § 2607), ante. The issue is thus narrowed to the single question as to whether the collection of the claim was *stayed.* Was the collection stayed? The defendant contends that the word "stayed" is synonymous with that of "delayed"; that, because plaintiff's claims for abatement were pending before and after payment of the tax, the abatement claimed served to "delay," and consequently to "stay," collection within the meaning of section 611 (26 USCA § 2611), thus nullifying their status as overpayments under section 607 (26 USCA § 2607).

But the record discloses no agreement which limited the collector's right to enforce collection by suit or distraint. The caption of the act speaks of "Collections stayed by claim in abatement," but the text (§ 611; 26 USCA § 2611) requires the happening of three contingencies before payments of the class made here are denied effect as "overpayments": (1) The requirement that tax should be assessed prior to a certain date; (2) that a claim in abatement be filed; and (3) if the collection "was stayed." Then, in the event of a concurrence of the three events (and payment made prior to the act of 1928), such payment would not be considered as an overpayment as provided in section 607 (26 USCA § 2607).

Where confusion in the meaning of an act arises out of differences in meaning between the words of the caption and those in the body of the act, effect should be given to the meaning of the words of the act. These do not declare that the filing of a claim in abatement stays collection of taxes, though the caption does. Whether "stayed" means the kind of "delay which results from the filing of a claim for abatement" or not, and the like questions, are settled in United States v. Burden, Smith & Co. 33 F.(2d) 229, 230, decided July 11, 1929, by the Circuit Court of Appeals of this Fifth Circuit, Foster, Circuit Judge. (Copy of opinion is attached to plaintiff's brief—printed record not available.) The facts here are on all fours with those in the Burden Case. The following extracts from the court's opinion gives clear and definite answer to the issues presented here:

"Appellant concedes that the collection of the tax when made was barred by the statute of limitation in accordance with the opinion of the Supreme Court in Bowers v. New York & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, and that prior to the passage of the revenue act of 1928, appellee could have maintained an action to recover the tax, but asserts that by reason of the provisions of sections 607, 611 of said act (26 USCA §§ 2607, 2611) the District Court erred in rendering judgment for appellee. * * *

"It is argued * * * that Congress intended the suspension of the statute of limitations as to every claim for abatement pending for adjustment where the assessment was made any time prior to June 2, 1924; and that to this end Congress used the word 'stayed' in section 611 as synonymous with 'delayed.' * * *

"Taxing statutes are to be interpreted liberally in favor of the taxpayer. Words of the statute are to be given their plain meaning. 'Stayed,' in a legal sense, is not interchangeable with 'delayed.' It connotes some act on the part of the taxpayer which would morally or legally tie the hands of the Commissioner and prevent collection of the tax. The mere filing of a claim for abatement without more could not possibly have that effect."

The court declined to consider the questions whether sections 607 and 611 (26 USCA §§ 2607, 2611) were retroactive, but gave them full effect, affirmed the judgment of the District Court, and declared that the record presented no reversible error.

The Circuit Court of Appeals for this Fifth Circuit has thus decided the same questions of law arising out of the same state of facts for decision in this case. The court here is controlled and bound by the decisions in the Burden Case. Accordingly, it holds that the plaintiff is entitled to recover the principal sum as an overpayment, together with interest thereon sued for.

A formal final judgment conforming to this holding will in due course be entered.