**BASS, Collector of Internal Revenue, v. SUGARLAND INDUSTRIES.**

No. 5894.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1931.

66

John D. Hartman, U. S. Atty., of San Antonio, Tex., and Wright Matthews, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, of Washington, D. C., on the brief), for appellant.

Palmer Hutcheson, of Houston, Tex. (Baker, Botts, Andrews & Wharton, of Houston, Tex., on the brief), for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, the Sugarland Industries, as trustee and successor to the Imperial Sugar Company and affiliated corporations, on November 10, 1928, brought suit against appellant, James W. Bass, collector of internal revenue, to recover $80,099.96 as an overpayment of income taxes for the year 1917, under the provisions of section 250 (d) of the Revenue Act of 1921 (42 Stat. 265), which fixes a limitation for collection of five years after the filing of the return, and section 607 of the Revenue Act of 1928 (26 USCA § 2607), which requires such collections to be considered as overpayments. The jury was waived, and, after overruling appellant's motion for judgment, to which exception was reserved, the District Court [36 F.(2d) 375] entered judgment in favor of appellee, to reverse which this appeal is prosecuted. Error is assigned to the overruling of appellant's motion for judgment and to the entering of judgment for appellee.

Appellant relies for reversal upon section 611 of the Revenue Act of 1928 (26 USCA § 2611), which provides that a collection after the limitation has run shall not be considered an overpayment if a claim for abatement has been filed and the collection has been stayed.

The following appears from the special findings of fact by the District Court. A consolidated return was filed for the Imperial Sugar Company and affiliated corporations for the taxable year 1917 on October 9, 1918. On January 27, 1921, an unlimited waiver was filed by the Imperial Sugar Company. It was terminated by the Commissioner as of April 1, 1924. On February 19, 1921, notice of an additional tax amounting to $117,078.78 was given by the Commissioner. An additional assessment was made, and notice of demand was given on June 29, 1921. On July 8, 1921, a claim for abatement was filed. On February 29, 1924, a notice of overassessment of $29,709.14 was sent to appellee, reducing the additional taxes assessed to $87,369.58, with interest amounting to $14,852.83. This was paid on April 29, 1924, more than five years after the consolidated return was filed. Additional claims for refund were made, and on May 6, 1927, an amount of $25,970.54 was refunded, which included an adjustment of interest, leaving a balance of $80,099.66. Claim for refund of this amount was rejected April 26, 1928.

Notwithstanding that he found the facts above set out, the District Court refused to find as a fact that the collector of internal revenue withheld the collection of the tax because of the filing of a claim for abatement, and that collection of the tax was delayed and postponed as a result of filing of said claim.

It appears from an opinion found in the record that the District Court, in deciding the case, relied upon our decision in Burden, Smith & Co. v. U. S., 33 F.(2d) 229. It is doubtful that that case would be authority for the conclusion reached by the District Court, in view of the facts specially found, but, however that may be, since the decision in the District Court, the Supreme Court, in the case of Graham & Foster v. Goodcell, and other cases considered in the same opinion, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415 decided January 26, 1931, has held that, if the collection of the tax is merely delayed by the filing of a claim in abatement, section 611 of the Revenue Act of 1928 (26 USCA § 2611) is applicable. A finding that the collector withheld collection of the tax because of the filing of the claim in abatement would be a conclusion of ultimate facts, without effect to modify or change the facts specially found. From the facts found, the conclusion is inevitable that the filing of the claim for abatement had the effect of delaying the collection. While the collector was considering the return, the statute of limitation was suspended by the unlimited waiver on file with him. After he had determined and assessed additional taxes in February, 1921, for which demand was made in June, 1921, the delay in collection must be presumed to have been caused by the consideration, partly favorable, of the claim for abate-

.ment filed on July 8, 1921. The case comes clearly within the ruling of the Supreme Court in the case of Graham & Foster v. Goodcell, supra.

█ However, it is contended by appellee that, as the District Court refused to find as a fact that collection had been delayed by the filing of the claim for abatement, the decision in the case of Graham & Foster v. Goodcell, has no application, and the judgment must stand.

While it does not appear from the record that appellant either excepted or assigned error to the refusal of the District Court to find as a fact that the collection was delayed by the filing of a claim for abatement, it is well settled that, regardless of other technical defects in the record, when a case is tried by the court without the intervention of the jury, it is the duty of the appellate court to determine whether the facts specially found support the judgment rendered. McCampbell v. New York Life Ins. Co. (C. C. A.) 288 F. 465; Stanley v. Supervisors of Albany County, 121 U. S. 535, 7 S. Ct. 1234, 30 L. Ed. 1000.

As the facts found in this case do not support the judgment, it follows that it is erroneous and must therefore be reversed.

Reversed and remanded.