### UNITED STATES v. PAISLEY.

### No. 44740.

District Court, N. D. Illinois.

Nov. 4, 1938.

Michael L. Igoe, U. S. Dist. Atty., of Chicago, Ill.

Wm. Sherman Carson, of Chicago, Ill., for defendant.

SULLIVAN, District Judge.

This cause has been submitted to the Court on the pleadings and a stipulation of facts.

238

It appears that various deficiencies in income taxes were determined by the Commissioner and assessed against William M. LeMoyne, now deceased, for the years 1922, 1923 and 1925; and that the decedent filed a petition with the United States Board of Tax Appeals, asking for a redetermination of said deficiencies.

The Board of Tax Appeals sustained the deficiencies of the Commissioner, and upon appeal to the United States Circuit Court of Appeals for the Seventh Circuit the decision of the Board of Tax Appeals was affirmed. On September 7th, 1929, the deficiencies were assessed against the decedent in the total sum of $7,445.43.

William LeMoyne died May 16, 1931, leaving a last Will and Testament, which was filed and proved in the Probate Court of Cook County, Illinois, and letters testamentary issued to Gertrude LeMoyne. November 10th 1935, the said Gertrude LeMoyne died, and on December 13th, 1937, Oliver Paisley was appointed Administrator de bonis non, with the Will annexed of the estate of said William M. LeMoyne, deceased, and in such capacity has been substituted as defendant herein.

June 27th, 1931, a claim was filed in the Estate of William M. LeMoyne, deceased, on behalf of the Collector of Internal Revenue for the asserted deficiencies, with interest, and on September 28th, 1931, the claim was allowed in the sum of $10,-908.93, being $7,445.43 for the deficiencies assessed, and $3,463.50 for interest.

September 6th, 1935, plaintiff instituted this proceeding. The answers admit the filing of the claim in the Probate Court and the allowance thereof, but contend that by reason of the judgment entered upon said claim by the Probate Court, said claim is res adjudicata so far as this proceeding is concerned.

Section 278 (d) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 59; provides that taxes properly assessed "may be collected by distraint or by a proceeding in court * * * but only if begun * * * within six years after the assessment of the tax * * *."

This section is the same in the Revenue Acts of 1932, 1934 and 1936, § 276(c), 26 U.S.C.A. § 276(c). The decisions unquestionably hold that the Probate Court of Cook County is a court, within the meaning universally accorded that term. In determining the rights of creditors the function of the Probate Judge is judicial.

He hears and determines the matters submitted and enters orders therein. His adjudication is final and conclusive, unless in the manner provided by law his judgment is reversed or set aside on appeal or review. Herman on Estoppel and Res Judicata, Vol. 1, pg. 392.

The allowance of a claim against a decedent's estate is a judgment, and the claim is merged in the judgment. Mitchell v. Mavo, 16 Ill. 83. Jameson v. Barber, 56 Wis. 630, 14 N.W. 859.

The filing of proof of claim with a trustee in bankruptcy constitutes the commencement of "a proceeding in court" within the meaning of the tax statutes. In re McClure Co., D.C., 21 F.2d 538. The same is true of the filing of a claim with a receiver. Citizens' Bank v. Miller Link Lumber Co., D.C., 16 F.2d 163.

I am therefore of the opinion that the filing of the proof of claim in the Probate Court of Cook County constitutes the commencement of "a proceeding in court" as required by Sec. 276 (c) of the Revenue Act of 1928, 26 U.S.C.A. § 276(c).

It therefore follows that this proceeding should be dismissed, and it is so ordered.