## UNITED STATES v. FIRST NAT. BANK.

### No. 21216.

District Court, N. D. Ohio, E. D.

Nov. 26, 1943.

Don C. Miller, U. S. Atty., and Francis B. Kavanagh, Asst. U. S. Atty., both of Cleveland, Ohio, for plaintiff.

Austin Lynch, Sr., and Austin Lynch, Jr., of Canton, Ohio, and Edgar W. Jones, of Canton, Ohio, for defendants.

WILKIN, District Judge.

The question in this case is whether the filing of the government's claim for taxes with the administrator of the estate of Alexander B. Clark was a "proceeding in court" as required by Section 276(c) of Title 26 U.S.C.A. Int.Rev.Code. This

352

court, after consideration of all the authorities and arguments and the purpose of the statute, is constrained to find that the filing of the claim with the administrator was a proceeding in court.

■ The Probate Court had exclusive jurisdiction to appoint an administrator of the debtor's estate and to hear and determine all questions arising in the case. Sections 10501-53, par. 2, and par. 3, 10508-7, 10509-112, General Code of Ohio; and Toledo C. R. Co. v. Beard, 20 Ohio Cir. Ct. R. 681, 11 O.C.D. 406; In re Estate of Murphy, 29 Ohio N.P.,N.S., 183.

■ The Probate Court, after the appointment of the administrator, had exclusive jurisdiction over the rem of the estate. The administrator was an officer of the court for the purpose of assisting in the administration of the estate. In the circumstances there was no other proceeding available. This court feels that the filing of a claim with an administrator should be considered the same as the filing of a claim with a receiver or with a referee in bankruptcy. Citizens' Bank v. Miller Link Lumber Co., D.C., 16 F.2d 163; In re McClure Co., D.C., 21 F.2d 538. As was said by the court in the case of Citizens' Bank v. Miller Link Lumber Co., supra [16 F.2d 164]:

"In [the] last analysis, the effect here is to obtain an order from this court that the claim be allowed and in the marshaling of assets, that the receivers be directed to pay it in preference to other claims. It is necessarily a 'proceeding in court,' and is the only procedure, it seems to me, that could be followed to accomplish the results desired."

Those words would apply as well to an administrator as to a receiver. It has been held that the filing of a proof of claim in the Probate Court of Cook County, Illinois, constitutes the commencement of a "proceeding in court", as required by Section 276(c) of Title 26 U.S.C.A. Int.Rev.Code. United States v. Paisley, D.C., 26 F.Supp. 237. This court attaches no significance to the fact that in that case the proof of claim was filed in court instead of with an administrator. How or with whom the claim is filed is matter of detail. But, in any event, it is the procedure in Probate Court prescribed by law.

■ The purpose of statutes of limitation is to prevent delay in asserting claims. They impose a penalty upon those who do not assert their claims properly and promptly. The procedure required by the statutes of Ohio was followed and the purpose of the federal statute was duly complied with.

Judgment will be entered for the plaintiff. Findings of fact and conclusions of law may be prepared in accordance with the rule, if necessary.