UNITED STATES of America

v.

Hyman G. SAXE and Saul A. Shuman et al.

Civ. A. 57–902–A.

United States District Court
D. Massachusetts.

Jan. 24, 1958.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Bergson & Wolf, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion for summary judgment of dismissal. The following facts appear, either of record or as a result of stipulation of counsel in open court. David Saxe died in 1951. His estate was probated in Norfolk County, Massachusetts, and the defendants qualified as his executors. In 1952 the government filed proof of claim therein for unpaid income taxes for the years 1943–5, inclusive, assessed against Saxe in 1948. The amount of the taxes allegedly due, with interest, exceeded $50,000. The executors thereafter moved the probate court for permission to sell certain shares of stock, which constituted essentially all of the assets of the estate, "for not less than $20,000." This motion was opposed by the government and denied. The executors have never represented the estate to be insolvent. Mass.G.L.(Ter.Ed.1932) Ch. 197, § 2, as amended by St.1933, c. 221, § 3. In 1957 the present action against them was commenced in this court. The motion to dismiss is bottomed upon the contention that the statute of limitation had run. On the undisputed facts this would be so unless the filing of the proof of claim in the probate court, which was the

only thing done within six years, constituted "a proceeding in court." 1939 Int. Rev.Code (26 U.S.C., 1946 Ed.) § 276(c); 1954 Code, 26 U.S.C. § 6502(a).

If the estate had been represented to be insolvent, and proof of claim had been filed with the commissioners, this would have been an adequate proceeding in court. Taylor v. United States, 324 Mass. 639, 88 N.E.2d 121, certiorari denied 338 U.S. 948, 70 S.Ct. 487, 94 L.Ed. 585. The defendants seeks to distinguish that case from any general application on the ground that the commissioners in insolvency would have been duty-bound to have determined the claim, Taylor v. United States, supra, whereas until the estate is represented insolvent the probate court's obligation, or power to determine the claim is of far lesser extent. Mass.Gen.Laws (Ter.Ed.1932) Ch. 197, § 2. The defendants say that a "proceeding in court" means the institution of an action in a court having jurisdiction to proceed forthwith to determine the claim.

 The Massachusetts Probate Court does not have plenary jurisdiction, but only such limited jurisdiction as is conferred upon it by statute. See Thesleff v. Harvard Trust Co., 1 Cir., 154 F.2d 732, 734. The government, or any other creditor, cannot sue the executors in that court. Mass.G.L. Ch. 215, §§ 3, 6, as amended by St.1949, c. 56, St.1954, c. 556, § 2. The place for suits against executors is the courts of general jurisdiction. Eastman v. Allen, 308 Mass. 138, 31 N.E.2d 547. The filing of its claim was not commencement of suit. Parker

v. Rich, 297 Mass. 111, 8 N.E.2d 345. True, under Ch. 197, § 2, the Probate Court has power to determine debts due from the estate on application by the executors, a type of declaratory judgment. Normally a federal taxpayer cannot seek to have his tax liability determined in any such manner. See McConkey v. Commissioner of Internal Revenue, 4 Cir., 199 F.2d 892, 895. Cf. 28 U.S.C.A. § 2201; 26 U.S.C.A. § 7421. I do not believe that the filing of the government's notice or proof [1] was a consent to such a procedure. The normal purpose of such a proof, at least in Massachusetts,[2] is merely to put the executors on notice, so that they will distribute the assets of the estate only at their peril. See Parker v. Rich, supra, 297 Mass. at page 113, 8 N. E.2d 345. The sovereign immunity against suit is jealously guarded, and I will not presume that the filing of this proof, which could not be construed as invoking the jurisdiction of the Probate Court as plaintiff, is to be construed as consent, submitting the government to the jurisdiction of that court as defendant at the instance and option of the executors. The burden is on one alleging a waiver of immunity. See Rock Island, A. & L. R. R. Co. v. United States, 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888.

The filing of a document which neither instituted suit, nor submitted the government's claim to the jurisdiction of the court, being notice and nothing further, did not, in my opinion, rise to the dignity

1. The actual document, which is entitled "Claim of the United States for Taxes," consists of a sworn statement by the Director of Internal Revenue to the effect that the decedent was indebted to the United States in the sum of $74,720, describing the nature of the indebtedness; that no portion of same had been paid; that the United States did not have any security, other than statutory liens; that the indebtedness was presently due, and that it had certain statutory priorities. It concluded as follows: "Attention is also called to the provisions of Section 3467 of the Revised Statutes, with respect to the personal liability of

every executor, administrator, or other person who fails to pay the claims of the United States in accordance with their priority."

2. Cases in other jurisdictions where the filing of a proof of claim in the probate court puts into motion action eventually resulting in a judicial determination are distinguishable. See, e. g., United States v. Ettelson, 7 Cir., 159 F.2d 193, following United States v. Paisley, D.C. N.D.Ill., 26 F.Supp. 237; United States v. Pate, D.C.W.D.Ark., 47 F.Supp. 965; United States v. First Nat. Bank, D.C. N.D.Ohio, 54 F.Supp. 351.

of a "proceeding." The government may have been standing in line, but if so, it was waiting for a train that did not run.

It follows that the action must be dismissed against the defendant executors.