## Schofield Estate

*D. Malcolm Anderson*, United States Attorney, for exceptant.

*W. Bradley Ward*, contra.

FLICK, P. J., April 13, 1959. . . . The record in this case discloses the following pertinent facts: Clare B. Schofield died a resident of Warren County, on August 20, 1943. Her will . . . named her son, Lemuel Braddock Schofield, executor and trustee. . . .

The manner in which the estate was administered by the executor is one of the minor mysteries revealed by the facts before the court. He paid an estimated transfer inheritance tax at two percent due the Commonwealth, three months from the date of death, to obtain discount, but it was not until April 4, 1946, that his inventory and appraisement, showing a value of $121,055 was filed. After April 4, 1946, the record is a complete blank for 11 years as to entries in the office of the Register of Wills of Warren County,

or the orphans' court which would show any steps taken by the executor to administer the estate and account to the creditors, including the State and Federal governments for tax claims, the legatees or to himself and his two brothers, to whom he was to make distribution of the residue. A glance at the record during this 11 year period would immediately alert any unpaid creditor or legatee to cite the executor to file an account, as provided in rule 2, section 6 of the local Orphans' Court Rules. Such proceeding is started by a petition filed in the orphans' court by an interested person, setting forth the necessary facts, verified by affidavit, and the citation to the executor to account is issued as of course by the clerk. No such proceeding was ever commenced by any creditor, legatee, or any one else, prior to the death of Lemuel B. Schofield, executor, on July 3, 1955, or afterward. . . .

On August 18, 1945, just two days less than three years after decedent's death, Lemuel Braddock Schofield, as executor, filed a Federal Estate Tax Return for the estate, remitting therewith the tax as computed by him in the amount of $8,663.20. This return was recomputed by the Federal tax authorities, a tax liability determined which resulted in a deficiency, and the executor was so notified by a letter from the Commissioner of Internal Revenue dated October 27, 1947. No action was taken by the executor and on April 15, 1948, a deficiency estate tax was assessed against the estate of Clare B. Schofield in the amount of $6,870.15, plus interest of $1,403.39. Notice of this unpaid additional tax and demand for payment was mailed to the executor on April 29, 1948, and, no response having been received, a second notice was sent on June 3, 1948. As the deficiency was not paid, a proof of claim for $8,273.54 and interest at six percent per annum from April 29, 1948, sworn to by

Stanley Granger, Collector of the 23rd District of Pennsylvania, was mailed to the executor and received by him on July 15, 1948. The executor did not acknowledge receipt of the proof of claim as requested or make any response thereto. . . .

Beginning on February 14, 1949, 14 letters were sent to Lemuel Braddock Schofield, Executor of the Estate of Clara B. Schofield, by the office of the collector of the 23rd District of Pennsylvania, Internal Revenue Service, U. S. Treasury Department, none of which were acknowledged by Schofield. . . .

Lemuel B. Schofield died July 3, 1955, and W. Bradley Ward was appointed administrator d. b. n. c. t. a. of his estate, on July 25, 1955. Ward was also appointed administrator d. b. n. c. t. a. of the Estate of Clare B. Schofield, on May 2, 1956. Ward stated and filed an account for the deceased executor, covering the period from his appointment in 1943 to his death in 1955, with a schedule of proposed distribution to himself as administrator d b. n. c. t. a. of the Estate of Clare B. Schofield, deceased. This account was certified to the orphans' court, confirmed absolutely, the distribution was made and Ward proceeded to administer the estate. He filed an account of his administration on January 3, 1958, which is the account now before the court for distribution and to which the exceptions were filed. . . .

This account shows no payment of exceptant's claim for deficiency estate tax of $6,870.15 and interest of $1,403.39, with interest at six percent per annum from April 29, 1948, sworn proof of claim for which was sent to the executor and received by him on July 15, 1948. The accountant takes the position that, under §874 (b) (2) of the Internal Revenue Code of 1939, this tax can only be collected by a "proceeding in court"

begun within six years after the assessment of the tax on April 15, 1948; that the filing of its proof of claim with the executor did not amount to a "proceeding in court," within the meaning of said section, and therefore, no proceeding in court having been begun within the statutory period, the claim is precluded and the exceptions must be dismissed.

### Discussion

The question before the court, as stated in the brief filed by counsel for exceptant, is: "the question is whether the Proof of Claim filed with the Executor is a 'proceeding in court' within the meaning of §874, Internal Revenue Code of 1939. (U. S. C. Title 26, section 874)." Counsel for exceptant argues that it is; that having filed his proof of claim within six years after assessment of the tax, as he admittedly did in this case, collection is not barred by the limitation provision in the code. His brief quotes the applicable statute and comments on the lack of a Pennsylvania case in point, as follows:

" '(a) General rule. Except as provided in subsection (b) the amount of estate taxes imposed by this subchapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of three years after the return was filed.

" '(b) Exceptions

\*        \*        \*        \*        \*

" '(2) Collection after assessment. Where the assessment of any tax imposed by this subchapter has been made within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax or (2) prior to the expiration of any period for

collection agreed upon in writing by the Commissioner and the executor.'

"The estate tax return upon which the assessment was made was filed on August 18, 1945 and the subsequent assessment was made on April 15, 1948 which was within the three years allowed by Section 874 (Form 23-C.). A proof of claim was mailed to the executor, Lemuel B. Schofield on July 14, 1948". (It was admittedly received on July 15, 1948.)

"Congress in passing Section 874 did not define a 'proceeding in court', thus when determining whether a claim filed with a personal representative, authorized to act by state law, would be granted the stature of a court proceeding would have to be settled by the applicable state law. G.C.M. 9991, XI-1 C. B. 135.

"Whether a proof of claim generally filed by the Internal Revenue Service with the executor of an estate for taxes is a 'proceeding in court' within Section 874 has *never been decided with respect to the administration of an estate in Pennsylvania.*" (Italics supplied.)

Counsel for exceptant has cited several Federal court cases in support of his argument. These cases are concerned with a judicial determination by a State court, prior to the running of the statute, which determination is held to be binding on the U. S. Government, or they hold that when the government has brought suit in a State court, it is bound by the decision of that court, or they are involved with a State statute providing that proofs of claim are to be filed in the probate court, and hold that such filing is sufficient to stop the running of the statute of limitations. These cases were decided in Federal courts in the States of Illinois, West Virginia and Arkansas.

The Pennsylvania statute in effect when decedent died has no provision for the filing in the orphans' court of claims against decedents' estates. This is the Fiduciaries Act of June 7, 1917, P. L. 447, which pro-

vides that the orphans' courts shall, by general rule, provide that any creditor who has given written notice of his claim to the executors shall be entitled to receive notice of the filing of the account. Pennsylvania courts had never held that giving this written notice to an executor was equivalent to beginning a proceeding in court. Notice to an executor of a claim against the estate was not effective to toll the statute of limitations, as beginning a proceeding in court would be, until January 1, 1950, the effective date of the Fiduciaries Act of April 18, 1949, P. L. 512. As to claims against decedents dying before that date, the law is as expressed in Keyser's Appeal, 124 Pa. 80, in which case, after stating that the statute of limitations may be set up in the orphans' court precisely as in a court of law, the court said, on page 92:

"Nor can the statute be tolled by anything short of a suit at law or what is its equivalent in the Orphans' Court. *A mere demand upon an executor is not such equivalent and it does not toll the statute.*" (Italics supplied.)

The new provisions of the Fiduciaries Act of April 18, 1949, were called to the court's attention by counsel for the exceptant, with the suggestion that although such provisions did not apply to the Estate of Clare B. Schofield, nevertheless "in view of the leniency of the Pennsylvania courts with respect to the claims of creditors presented before the estate has been distributed, it would seem the court would take into consideration the current law. *GILBERT'S ESTATE*, (1941) 55 York 93; *IVISON'S ESTATE* (1949) 43 York 73." Whatever leniency may have been extended to claimants in these two cases, in the court's opinion it would be a gross abuse of discretion and clearly reversible error, to apply the Fiduciaries Act of 1949 to the Estate of Clare B. Schofield, directly contrary to its clear and explicit terms.

The two New York cases cited by counsel for exceptant (In re Becker's Estate, 174 Misc. 25, 19 N. Y. S. 2d 743, and Matter of Schorer, 272 N. Y. 247) are clearly distinguishable from the instant case. In Becker's Estate the government's claim was dismissed because it had taken no action of any kind within the statutory period. Matter of Schorer, supra, was referred to as holding that the claim of an individual filed with an executor tolled the statute, under the Surrogate's Court Act. This act provides that creditors shall give notice to executors and if the claim is rejected, the creditor must sue within three months or his claim would be settled at the accounting in the surrogate's court, and the case holds that under this act, filing a claim tolls the statute. No Pennsylvania statute has provisions in any way similar to those of the Surrogate's Court Act of New York State. The case does not apply.

Two other U. S. District Court cases must be mentioned, for in the court's opinion they shed some light on the question here involved. One of these is United States v. Weisburn, 48 F. Supp. 393 (1943), in which the defendant was the executrix of a Pennsylvania decedent. In that case, the United States of America had assessed deficiencies in taxes for the years 1934, 1935 and 1936 against the taxpayer who died in 1936. Proof of claim was filed within six years from the date of the 1934 assessment. At that time the 1932 Internal Revenue Code was effective, §276(c) thereof being substantially the same as §874(b)(2) of the 1939 Code. The Government's proof of claim was ignored by the executrix, as it was in the instant case by the executor. The Government took no action in the orphans' court but in 1941, seven years after the 1934 assessment, brought suit against the executrix in the U. S. District Court in Philadelphia to impose personal liability for failure to pay the tax assessment. The court held

that the six year period of limitation on collections, as provided in the Internal Revenue Code, barred the action as to the assessment made in 1934, as the suit was not commenced within six years after the date of that assessment. The effect of filing the proof of claim within the six year period was not considered by the court, and exceptant argues that the Weisburn case can be distinguished from the instant case because there is no indication the Government argued that filing the proof of claim was beginning a proceeding in court, and therefore tolled the limitations on collections. The Government may not have made the argument that it is making in the instant case, but the fact remains that the district court held that the suit was barred, notwithstanding the filing of the proof of claim within six years. Exceptant also argues that the holding might have been different if the issue had been decided in the orphans' court. In the court's opinion no different result could have been achieved if the issue had been raised in the orphans' court on exceptions to the account which did not allow for the proof of claim filed. A proceeding in court is not begun when a proof of claim is filed, for the creditor is not "in court" unless and until the executor files his account.

The position of the Government which has filed a proof of claim but has done nothing further while six years passed from the date of assessment of the tax on which the claim is founded, without any account being filed, is stated in the second of the two Federal cases which the court feels are pertinent to the issue here involved. That is the case of United States v. Saxe, 159 F. Supp. 220 (U. S. Dist. Ct., Mass.). In this case unpaid income taxes were assessed against David Saxe in 1948 for the years 1943-45 inclusive. He died, testate, in 1951. Defendants were appointed as his executors, and in 1952, well within the six years period, the Government filed a proof of claim for the taxes

assessed in 1948. Under Massachusetts law the proof of claim was filed in the probate court, not with the executors. The claim was not paid by the executors, nor did they file an account, and in 1957 suit was brought against them in the U. S. District Court. Summary judgment for a dismissal was granted, the court holding that the filing of the proof of claim in the probate court did not constitute "a proceeding in court" as was required by the 1939 Internal Revenue Code. The Federal cases which were cited by counsel for exceptant were distinguished in the court's opinion on the ground that in such jurisdictions the filing of a proof of claim in the probate court "puts into motion action eventually resulting in a judicial determination," whereas "the normal purpose of such a proof, at least in Massachussetts, is merely to put the executors on notice, so that they will distribute the assets of the estate only at their peril." Massachussetts law is different in many respects from Pennsylvania law, but it is clear that filing a proof of claim, even though it is filed in the probate court, has the same effect as filing with the executors as provided in the Fiduciaries Act of 1917 of Pennsylvania. It is notice of a claim and not commencement of a suit. On this the court said: "The filing of a document which neither instituted suit, nor submitted the government's claim to the jurisdiction of the court, being notice and nothing further, did not, in my opinion, rise to the dignity of a 'proceeding.' The government may have been standing in line, but if so, it was waiting for a train that did not run. It follows that the action must be dismissed against the defendant executors."

In the instant case exceptant was standing in line, waiting for a train that did not run, but it had a ready remedy to make the executor start the train and run it to a judicial decision of its claim. Under rule 2, section 6 of the local Orphans' Court Rules, the Govern-

ment could file a petition in the orphans' court asking that a citation issue, citing the executor to file an account. Such a proceeding, begun within six years after the assessment of the tax, would in the court's opinion satisfy the requirements of the revenue code, for it would be, in the language used in U. S. v. Saxe, supra, "putting into motion action eventually resulting in a judicial determination."

The advantage of such a proceeding is that the judicial determination is made in the court which has jurisdiction over the assets of the debtor estate. The exceptant could also have met the requirements of §874 of the Internal Revenue Code by starting suit in the U. S. District Court within six years after the tax was assessed on April 15, 1948. Unfortunately neither was done in this case.

For the foregoing reasons the court finds that the filing of a proof of claim with the executor on July 14, 1948, did not amount to beginning a proceeding in court as required by section 874 (b) (2) of the Internal Revenue Code of 1939, and exceptant having taken no other action within six years after April 15, 1948, the date of assessment of the tax, which would amount to compliance with the requirements of section 874, the collection of the tax is barred by the six year limitation contained in said section.

Wherefore, the exceptions filed to the first and final account of W. Bradley Ward, administrator d. b. n. c. t. a. of the Estate of Clare B. Schofield, deceased, by the United States of America, in the distribution proceedings for said estate at no. 6 February term 1958, must be dismissed, and an order so providing will be entered herewith, at the conclusion of this opinion.

. . .

### Order

And now, April 13, 1959, for the reasons stated in the opinion this day handed down in the above cap-

tioned estate, and under the authorities cited in said opinion and pursuant to the findings of fact and conclusions of law therein set forth, and upon consideration of the entire record, it is hereby

Ordered and decreed that the exceptions filed by the United States of America to the first and final account of W. Bradley Ward, administrator d. b. n. c. t. a. of the Estate of Clare B. Schofield, deceased, be and the same are hereby dismissed. Immediately upon the filing of this order, the clerk of the orphans' court shall send a copy of the same, and of the court's opinion, to counsel for the exceptant and counsel for the accountant. This order is entered nisi, and, in the absence of exceptions filed thereto within 15 days from the date hereof, the same shall become final as of course.